THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT PETERS, Plaintiff in Error.

*Opinion filed October 28, 1910.*

1. CRIMINAL LAW—*Parole law applies to convictions for manslaughter.* The Parole law applies to convictions for manslaughter even though the statute making allowance for good time does not apply to life imprisonment.

2. SAME—*an indeterminate sentence is for the maximum term.* An indeterminate sentence is a sentence for the maximum term provided by law, and hence the sentence of one convicted of manslaughter "until discharged by the State board of pardons, as authorized and directed by law, provided such term of imprisonment shall not exceed the maximum term for the crime for which said defendant was convicted and sentenced," is a sentence to life imprisonment.

3. SAME—*discharge of prisoner under the Parole law is by the Governor.* A sentence to imprisonment in the penitentiary "until discharged by the State board of pardons, as authorized and directed by law," does not infringe any constitutional right of the person so sentenced, as the discharge, under the law, is by the Governor. (*People* v. *Joyce, ante,* p. 124, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and JOEL C. FITCH, for the People.

Per CURIAM: Albert Peters, the plaintiff in error, was indicted in the criminal court of Cook county for murder, and upon a trial the jury found him guilty of manslaughter and fixed his punishment at imprisonment in the penitentiary. Thereupon the court sentenced him to confinement in the penitentiary, and his term was fixed in the judgment as follows: "Until discharged by the State board of pardons as authorized and directed by law, provided such term

of imprisonment in said penitentiary shall not exceed the maximum term for the crime for which the said defendant was convicted and sentenced." He sued out a writ of error from this court, and assigned for error that the court erred in not arresting the judgment on his motion, and that the court erred in entering an improper judgment.

It is first contended that the court erred in entering judgment in accordance with section 1 of the Parole law, for the reason that the legislature did not intend that law to apply to convictions for manslaughter, but only to cases of imprisonment where the punishment is for a number of years. The punishment provided for any person convicted of manslaughter is imprisonment in the penitentiary for his natural life or for any number of years, and the Parole law provides that the term shall not be less than one year nor exceed the maximum term provided by law for the crime of which the prisoner was convicted, making allowance for good time as provided by law. The statute having provided allowance for good time only in cases where the judgment is for a fixed number of years, it is argued that the legislature did not intend the Parole law to apply to any case where no allowance for good time is provided for, which is the case where the punishment is for life. The allowance for good time is to be made only in cases provided by law, but the Parole law specifically excepts certain crimes from its operation, and the crime of manslaughter is not included among those which are excepted. The term of imprisonment under that law must not exceed the maximum term provided by law for the crime of which the prisoner was convicted, but it has been held that an indeterminate sentence is a sentence for the maximum term, and the Parole act and sentence both provide that plaintiff in error shall not be confined beyond such maximum term, which is the period of his natural life. We do not find any reason for saying that the Parole act does not apply to the crime of manslaughter. The court did not

err in refusing to arrest the judgment on the ground that the jury failed to fix the punishment.

The only other claim of the plaintiff in error is that the Parole law violates the constitution, but the contrary was held in the case of *People* v. *Joyce*, (*ante*, p. 124.) Plaintiff in error was sentenced to confinement in the penitentiary "until discharged by the State board of pardons as authorized and directed by law," but it was held in the case cited that "the board of pardons cannot and does not discharge a convict," and the judgment in that case was in the same terms as in this. It was there considered that a discharge under the law is by the Governor, and that such a sentence does not infringe any constitutional right.

The judgment is affirmed.        *Judgment affirmed.*