THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM NOWASKY, Plaintiff in Error.

*Opinion filed April 18, 1912.*

1. CRIMINAL LAW—*jury not required to fix term of imprisonment for robbery.* Under the Parole law the jury is not required to fix the term of imprisonment in finding the accused guilty of robbery.

2. SAME—*Parole law does not fix or change punishment for any crime.* The Parole law deals with the manner in which punishment for crime shall be imposed but does not fix or change the punishment for any crime.

3. SAME—*Parole law does not limit pardoning power or right to apply for pardon.* The Parole law does not violate the constitutional right of the Governor to grant pardons or reprieves or to commute sentences, nor does it limit a prisoner's right to apply to the Governor, under the provisions of the general law regulating such applications, for a reprieve, pardon or commutation of sentence.

4. SAME—*when judgment sufficiently specifies crime of which accused was convicted.* A judgment sentencing the accused "for the crime of robbery, etc., of which he stands convicted," sufficiently specifies the crime as robbery without circumstances of aggravation.

5. SAME—*a judgment need not specify maximum term of imprisonment.* A judgment sentencing the accused for the crime of robbery "for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted," is not illegal upon the ground that it does not specify the maximum term of imprisonment, as such maximum term is fixed by law.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

CHARLES E. ERBSTEIN, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAY-MAN, State's Attorney, and CHAS. E. WOODWARD, (JOHN T. FLEMING, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was indicted, jointly with Julius Split and James Kaminski, for robbery, the indictment charging that the defendants were at the time armed with a deadly weapon, a revolver, with the intent, if resisted, to kill the victim of the robbery. Upon a trial a verdict was rendered finding each defendant severally guilty of robbery in manner and form as charged in the indictment, and further finding as to Split that he was at the time armed with a revolver with the intent charged in the indictment. Several judgments were rendered, in identical words, sentencing each defendant to the penitentiary "for the crime of robbery, etc., whereof he stands convicted, for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted," and commanding the warden to confine the defendant "until discharged according to law, provided such term of imprisonment in such penitentiary shall not exceed the maximum term for the crime for which the said defendant was convicted and sentenced." The reasons urged for reversal are, that the verdict is insufficient because it did not fix the term of imprisonment, and that the judgment is illegal because the Parole law, in accordance with the provisions of which it was rendered, limits the constitutional right of the defendant to apply to the Governor for a pardon or commutation of sentence, and because it does not specify the crime of which the defendant was convicted or the maximum term of his imprisonment.

It was held in *People* v. *Joyce,* 246 Ill. 124, that the jury is not required to fix the term of imprisonment. In *People* v. *Hartsig,* 249 Ill. 348, it was said that the Parole law does not fix or change the punishment for any crime.

It does deal with the manner in which the punishment shall be · imposed, and having been held to be a constitutional enactment its requirements were properly followed. It was also held in *People* v. *Joyce, supra,* that the Parole law did not violate the constitutional right of the Governor to grant pardons or reprieves or commute sentences. It does not limit the right of any person convicted of crime to apply to the Governor for a reprieve, commutation or pardon, in accordance with the provisions of the general statute regulating such applications.

The judgment specified the crime of which the defendant was convicted,—that is, robbery without circumstances of aggravation,—and the law fixed the maximum term of imprisonment at fourteen years. *McKevitt* v. *People,* 208 Ill. 460.

*Judgment affirmed.*