THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT BUTLER, Plaintiff in Error.

*Opinion filed June 24, 1915—Rehearing denied October 6, 1915.*

1. CRIMINAL LAW—*when penalty will not be held disproportionate to offense.* The penalty to be inflicted for an offense rests in the sound discretion of the legislature, and it is only when the minimum penalty is flagrantly and plainly oppressive and not in proportion to the offense that the courts will interfere and refuse to enforce the enactment.

2. SAME—*minimum penalty for crime against children is not disproportionate to offense.* The minimum penalty of imprisonment in the penitentiary for one year for a violation of the act of 1907, to define and punish crimes against children, is not so disproportionate to the offense as to render the act invalid.

3. SAME—*an indictment for taking indecent liberties need not negative the proviso of the act.* An indictment for taking indecent liberties with a child need not negative the proviso of the act of 1907 that the act shall not apply to the offenses constituting the crime of sodomy, or other infamous crimes against nature, incest, rape or seduction, as that part of the section which defines the crime and fixes the punishment, preceding the proviso, is complete in itself and the language of the proviso is not descriptive of the offense.

4. SAME—*when a verdict is not insufficient.* A verdict finding the defendant, naming him, "guilty of indecent liberties with child in manner and form as charged in the indictment," is not insufficient on the ground that it contains no finding as to the age of the defendant, the age of the child or the intent with which the act was committed, which matters were alleged in the indictment.

COOKE, J., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

CHARLES E. ERBSTEIN, and CHARLES P. R. MACAULAY, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and A. B. GARRETT, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Robert Butler, the plaintiff in error, was convicted in the criminal court of Cook county under an indictment charging him with taking immoral, improper and indecent liberties with a child and sentenced to the penitentiary for an indeterminate term of from one to twenty years.

It is claimed that the act to define and punish crimes against children, (Laws of 1907, p. 266,) under which this indictment was found, is unconstitutional, for the reason that the punishment is not in proportion to the nature of the offense. The only reason urged in support of this contention is, that the acts hereby made criminal cannot be said to be of as great turpitude as incest or the crime against nature, which offenses are exempted from the operation of this statute and the punishment for which is less than for the violation of this act. The penalty to be inflicted rests in the sound discretion of the legislature, and it is only when the minimum penalty is flagrantly and plainly oppressive and not in proportion to the offense that the courts will interfere and refuse to enforce the enactment. (*Chicago, Rock Island and Pacific Railway Co.* v. *People,* 217 Ill. 164.) The minimum penalty for a violation of this act is imprisonment in the penitentiary for one year. This is not so disproportionate to the nature of the offense for which it is inflicted as to render the act invalid, whether considered solely in connection with the nature of the offense or in comparison with the penalty inflicted for the crime of incest or the crime against nature.

It is claimed that the indictment was defective because the proviso of the statute is a part of the definition of the crime created and the exceptions in the proviso were not negatived in the indictment. The act in question consists of a single section and is as follows: "That any person of the age of seventeen years and upwards who shall take, or attempt to take, any immoral, improper or indecent liberties with any child of either sex, under the age of fifteen years,

with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or any such person who shall take any such child or shall entice, allure or persuade any such child, to any place whatever for the purpose either of taking any such immoral, improper or indecent liberties with such child, with said intent, or of committing any such lewd or lascivious act upon or with the body, or any part or member thereof, of such child with said intent, shall be imprisoned in the penitentiary not less than one year nor more than twenty years: *Provided,* that this act shall not apply to offenses constituting the crime of sodomy or other infamous crimes against nature, incest, rape or seduction."

The indictment charges that Robert Butler, on September 20, 1913, in Cook county, Illinois, being a male person of the age of seventeen years and upwards, unlawfully and feloniously did take certain immoral, improper and indecent liberties with a certain child under the age of fifteen years and of the age of nine years, to-wit, one Gertrude Shapiro, with the intent of arousing, appealing to and gratifying the lust, passions and sexual desires of the said Robert Butler; and the grand jurors aforesaid, upon their oaths aforesaid, do further say that a more particular description of the said immoral, improper and indecent liberties is too obscene and too gross to be spread upon the record of the court; contrary to the statute, etc. The indictment did not allege that the acts charged did not constitute either the crime of sodomy or other infamous crimes against nature, incest, rape or seduction. It is claimed that for this reason the indictment is fatally defective.

The rule as to the sufficiency of an indictment for a statutory crime when there are provisos and exceptions in the statute, as stated in 22 Cyc. p. 344, paragraph (*d,*) is as follows: "It is necessary to negative an exception or proviso contained in a statute defining an offense where it forms a portion of the description of the offense so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof it need not be noticed in the accusation, being a matter of defense. As the rule is frequently stated, an exception in the enacting clause must be pleaded, but an exception in a subsequent clause or statute is matter of defense to be shown by the accused. But this is not an accurate statement, since the rule is to be determined, not by the position of the exception or proviso, but by its nature as constituting an element of the description of the offense. An exception in a subsequent section or statute may be so clearly connected with the description contained in a preceding section that it must be negatived, and conversely, matter in the enacting clause may be so independent of the description that it will form a matter of defense. While it has been held that a reference from the enacting clause to a clause containing a proviso will demand that the latter be negatived, such rule has not been generally followed, and a reference will not render it imperative to negative a proviso not a portion of the description. A proviso which withdraws a case from the operation of the statute need not be negatived." In the case of *Lequat* v. *People,* 11 Ill. 330, the rule was stated as follows: "The rule is, if there be any exception in the same clause of the act which creates the offense, the indictment must show affirmatively that the defendant does not come within the exception; and if the exception or proviso be in a subsequent clause or statute, or if in the same section and not incorporated with the enacting clause by any words of reference, it is in that case

matter of defense and need not be negatived in the pleading.—Archbold Crim. Pl. 48; 1 Chitty's Crim. Law, 283." This holding was quoted with approval in the case of *Metzker* v. *People,* 14 Ill. 101, in which the plaintiff in error had been convicted upon an indictment for selling liquor in violation of the act of 1851. In discussing the sufficiency of the indictment the court in its opinion said: "In the statute under which this indictment was found the offense is created and the punishment prescribed in the first and second sections, and the exceptions relied upon are contained in subsequent and independent sections. The first is found in the fourth section, which provides that the act shall not extend to druggists or physicians who in good faith sell or give away the prohibited liquors for purely medical, mechanical or sacramental purposes; and the second is found in the sixth section, which in express terms repeals the former law authorizing licenses to be granted, but provides that the act shall not affect the rights of those who had unexpired licenses. If, therefore, the defendant sold the liquor as a physician or druggist and under circumstances authorized by the fourth section, or if he sold it under an unexpired license, as he was authorized to do under the sixth section, in either case it was matter of defense and it was unnecessary for the indictment to negative such right. We are clearly of opinion that the indictment was sufficient." The same rule has been applied in civil cases in actions under statutes. In *Tuller* v. *Voght,* 13 Ill. 277, and *Chicago, Burlington and Quincy Railroad Co.* v. *Carter,* 20 id. 391, it was held that where there is an exception in an enacting clause of a statute, the plaintiff suing under it must show that the defendant is not within it. If the exception is in a subsequent section it must be pleaded in defense to avoid the penalty.

The statute defining bigamy and fixing the punishment therefor (Hurd's Stat. 1913, chap. 38, sec. 28,) is similar in form to the statute under consideration. In the case of

*Sokel* v. *People,* 212 Ill. 238, in holding that it was not necessary in a prosecution for bigamy to prove that the defendant was not within the exceptions mentioned in the proviso to the law, it was said: "It is the rule that where an act is made criminal, with exceptions embraced in the enacting clause creating the offense so as to be descriptive of it, the People must allege and prove that the defendant is not within the exceptions, so as to show that the precise crime has been committed. Where the exception is descriptive of the offense it must be negatived in order to charge the defendant with the offense, but if the exception or proviso is in a subsequent clause, or in the same one but not incorporated within the enacting clause by any words of reference, it need not be negatived but is a mere matter of defense. (*Lequat* v. *People,* 11 Ill. 330; *Metzker* v. *People,* 14 id. 101; *Chicago, Burlington and Quincy Railroad Co.* v. *Carter,* 20 id. 391; *Beasley* v. *People,* 89 id. 571.) If an act is prohibited except under certain conditions, the indictment must allege the circumstances for the purpose of showing that the prohibited act constituting the crime has been done. But the division of the statute into sections is of no practical importance. All that need be negatived is such exception as is descriptive of the offense. (10 Ency. of Pl. & Pr. 497.) In our statute the crime of bigamy is first defined as follows: 'Whoever, having a former husband or wife living, marries another person or continues to cohabit with such second husband or wife in this State shall be deemed guilty of bigamy and be imprisoned in the penitentiary not less than one nor more than five years and fined not exceeding $1000.' Those circumstances complete the offense, and the proviso following, with its exceptions, is not in any manner descriptive of the crime. It must be averred that the former husband or wife was living at the time of the second marriage, (*Prichard* v. *People,* 149 Ill. 50,) and that was done in this case and the wife was pres-

ent at the trial. It was not necessary to prove the exceptions contained in the proviso."

Applying the rule as announced in the above cases to the section of the statute under consideration, it must be conceded that the part of the section which defines the crime and fixes the punishment, preceding the proviso, is complete in itself. If the statute read that whoever should take, or attempt to take, immoral or indecent liberties with a child other than by acts constituting the crime of sodomy, rape, etc., with the intent mentioned, there would be reason for the contention of plaintiff in error. The proviso simply is that the act shall not apply to offenses constituting certain other distinct crimes. It can hardly be said to be a necessary part of the section. It might well be, in certain cases, that a person who was guilty of rape or one of the other crimes mentioned in the proviso would also be guilty of taking indecent liberties with the victim of the crime. In such case the crime defined in the first part of the section would be included in the graver crime mentioned in the proviso, just as the crime of larceny is included in the graver crime of robbery, or assault with intent to commit rape is included in the crime of rape when the latter crime is accomplished. It cannot be said, however, that the crime of taking immoral or indecent liberties with children would necessarily amount to the crime of sodomy, rape or the other crimes mentioned in the proviso, or that the proviso is at all necessary to the definition of the crime charged in this case. An indictment substantially in the language of the statute is sufficient. (*Glover* v. *People*, 204 Ill. 170; *People* v. *Scattura*, 238 id. 313.) In the latter case we held an indictment to be good that was substantially in the same form as the indictment in the case at bar, although the same objection was not made to the indictment that has been made in this case.

It is also insisted that the verdict is not sufficient because there is no finding as to the age of the defendant,

the age of the child or the intent with which the act was committed, and that the evidence was not in accordance with the allegations of the indictment, in that it was not proved, as was charged in the indictment, that the act of the plaintiff in error was so gross or obscene that it could not be described in the record. The verdict was as follows: "We, the jury, find the defendant, Robert Butler, guilty of indecent liberties with child in manner and form as charged in the indictment." The words contained in the verdict, "of indecent liberties with child," were evidently intended by the jury to describe the crime of which the defendant was found guilty. In *People* v. *Tierney,* 250 Ill. 515, a verdict in which the jury found the defendant guilty of robbery in manner and form as charged in the indictment was held to be good. In *Meadowcroft* v. *People,* 163 Ill. 56, a verdict in which the defendants were found guilty of embezzlement in manner and form as charged in the indictment was held sufficient. The question as to whether the proof sustained the allegations of the indictment was one for the jury. We find no reason to substitute our judgment for that of the jury on that point or to enter into a discussion of the evidence offered to sustain the charge in the indictment.

Finding no reversible error the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE COOKE, dissenting.