(No. 15558.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs*. WILLIAM F. QUESSE *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1923—Rehearing denied Feb. 6, 1924.*

1. CRIMINAL LAW—*when an indictment need not name individuals against whom conspiracy was directed.* Where an indictment charges the defendants with conspiring to extort money from the owners of a large number of apartment buildings in the city of Chicago by persuading janitors to quit work, the conspiracy charged is against a class or group, and the indictment need not give the names of the owners of such buildings.

2. SAME—*when conspiracy to persuade another to quit work is unlawful.* Whether one may lawfully induce another to quit a particular service or refrain from applying for such service depends upon whether the purpose is to benefit the employee or merely to injure the employer, and a conspiracy on the part of a group of individuals to induce janitors of apartment buildings to quit work so as to extort money from the owners of such buildings is a conspiracy to do an unlawful act.

3. SAME—*when verdict is sufficiently certain.* A verdict is sufficient if the intention of the jury can be ascertained with reasonable certainty, and all reasonable intendments will be indulged in to sustain it, and a verdict finding the defendants guilty as charged "in the seventh count or counts of the indictment" is sufficiently certain to sustain a judgment of conviction on the seventh count.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

WILLARD M. McEWEN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWIN J. RABER, and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, William F. Quesse, Eugene Fosdick, John D. Sullivan, Claude F. Peters, Robert Osterberg, Frank McWatters, George Watters, John Mattis, Peter Lagey and Gus Anderson, were indicted in the criminal court of Cook county on a charge of conspiracy. There were twelve counts in the indictment. The last two were *nolle prossed.* A separate verdict was returned as to each of the ten defendants, finding him guilty in manner and form as charged "in the seventh count or counts of the indictment." The cause comes here on the common law record, the Appellate Court having affirmed the judgment.

The grounds upon which the plaintiffs in error seek reversal are, first, that the seventh count of the indictment is insufficient to sustain the verdict; second, that the verdict is uncertain and insufficient to sustain the judgment; and third, that counts 7 and 8 are identical in legal effect, and since the jury returned no specific verdict as to the eighth count, the effect of the verdict is a finding of not guilty as to both the seventh and eighth counts.

The seventh count charges that on January 10, 1921, in Cook county, Illinois, and for a long time prior thereto, divers large numbers of individuals owned and possessed apartment buildings and apartment hotels in the city of Chicago which they leased to divers individuals as dwellings, and that in the business of conducting such apartments the owners thereof had in their employ persons known as janitors; that the defendants, with intent to extort from

the persons owning these apartment buildings and hotels large sums of money for their own use, did unlawfully conspire together and with divers other persons whose names are unknown, with intent to wrongfully induce and persuade the janitors to cease work as such and to boycott the owners of the buildings and prevent their furnishing janitor service to their tenants unless the owners of the apartment buildings and hotels should pay to defendants large sums of money, and that by means of the conspiracy the defendants unlawfully and knowingly obtained from the owners of the apartment and hotel buildings divers large sums of money. The eighth count is similar to the seventh, except that it charges that the conspiracy was directed against and money was extorted from four certain named individuals and divers other persons whose names were unknown to the grand jury.

The first objection is that relating to the sufficiency of the seventh count of the indictment, it being urged that this count does not charge an offense; that the act charged is not a criminal offense, and that the count is insufficient in that it neither designates a class nor describes a group of individuals against whom the conspiracy was directed or specifically names them. Where an indictment designates a class or describes a group of individuals against whom the conspiracy is directed it is not necessary that the names of such individuals be included in the indictment. (*Lowell v. People,* 229 Ill. 227; *People v. Smith,* 239 id. 91; *United States v. Stone,* 188 Fed. 838; *Collins v. Commonwealth,* 3 S. & R. 220; *McKee v. State,* 111 Ind. 378; *Queen v. Peck,* 36 Eng. C. L. 362.) The indictment alleges that there were divers large numbers of individuals who were the owners and possessed of apartment buildings and apartment hotels in the city of Chicago. This court will take cognizance of the fact that the city of Chicago is a large city and that there are doubtless a large number of buildings of the

class referred to in the indictment and therefore a large number of people who own, possess and conduct the same. It would be unreasonable to expect the State to name the owners of all such buildings in an indictment where it charges conspiracy against all of such owners or a large portion thereof. We are of the opinion that the indictment sufficiently charges or describes a class or group.

Counsel's contention that the combination set out in the seventh count of the indictment does not show a criminal conspiracy is settled adversely in *People* v. *Curran,* 286 Ill. 302, where a similar count was held good. Nor can it well be doubted that a conspiracy on the part of a group of individuals to extort money, as charged in this case, is a conspiracy to do an unlawful act. Whether one may lawfully induce another to quit a particular service or refrain from applying for such service is not an issue in a case where the one seeking to induce such conduct on the part of the employee does so not for the benefit of the employee but for the unlawful purpose of extorting money from the employer. The seventh count of the indictment is sufficient.

Considering next the third point of plaintiffs in error, that counts 7 and 8 are identical in legal effect, we are of the opinion that that contention cannot be sustained. The eighth count charges conspiracy to extort money from certain specified persons in addition to other persons whose names were unknown. While others whose names are unknown are referred to in this count, the language is not broad enough to include apartment and hotel owners as a class, as does the language of the seventh count. The eighth count does not, in our opinion, charge conspiracy against a class and the counts are not identical. It follows, that while it may be said that a verdict of guilty on the seventh count is, in effect, a verdict of not guilty as to all other counts, a verdict of not guilty as to the eighth count is not in legal effect a verdict of not guilty as to the seventh count.

The principal contention of plaintiffs in error is that arising on the second assignment,—that is, that the verdict is too uncertain to sustain the judgment; that since it finds the defendants guilty as charged "in the seventh count or counts of the indictment," the same is uncertain, in that the language of the verdict may mean guilty as charged in the seventh count or some other count not specified. The People urge that such objection to the verdict must be raised in the trial court if it is to be available in a court of review. Plaintiffs in error admit that this is true as to objections to the form of the verdict, but they insist that this verdict is insufficient in substance, and that therefore it was a void verdict and one to which objection may be raised at any time. We are unable to see the force of the argument of counsel for plaintiffs in error concerning the insufficiency of the verdict. The test as to the sufficiency of a verdict is whether or not the intention of the jury can be ascertained with reasonable certainty. If it can be, the verdict will be sustained. (*Lyons* v. *People,* 68 Ill. 271; *Stoltz* v. *People,* 4 Scam. 168.) In applying this test a verdict is not to be construed with the same strictness as pleadings in criminal cases but all reasonable intendments will be indulged in to sustain it. (*People* v. *Buckman,* 279 Ill. 348; *People* v. *Patrick,* 277 id. 210; *People* v. *Brown,* 273 id. 169; *People* v. *Tierney,* 250 id. 515; *People* v. *Lee,* 237 id. 272.) It appears from the supplemental record filed on behalf of the People that the form of verdict submitted to the jury contained the words, following a blank space, "count or counts," and the People contend that the words "or counts" were through inadvertence allowed to remain in the form given to the jury. Whether this be true or not, there is no uncertainty in the verdict finding the plaintiffs in error guilty on the seventh count, and the fact that the words "or counts" remained in the verdict is not sufficient to indicate any other intention on their part as to that count. The words "or counts" do not sufficiently describe or refer

to any other count of the indictment to be construed as a finding of guilt on any such other count. Applying the rule that a verdict should be sustained where the intention of the jury can be ascertained with reasonable certainty, we are of the opinion that there is no sound basis for the contention that it may have been the intention of the jury to return a verdict of guilty on any count other than the seventh. The verdict in not finding the plaintiffs in error guilty on any count other than the seventh was tantamount to a verdict of not guilty on all other counts. The judgment was entered on the seventh count.

No errors are presented on the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*