(No. 20597.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM GOLD, Plaintiff in Error.

*Opinion filed February 18, 1931—Rehearing denied April 14, 1931.*

SAM BARTH, and CHARLES P. R. MACAULAY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, JAMES B. SEARCY, and J. J. NEIGER, (E. E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, Sam Gold, and four other men, were indicted in the criminal court of Cook county for kidnapping for the purpose of extorting ransom. Plaintiff in error and two of the other defendants pleaded not guilty. A jury trial was had and a verdict was returned finding them guilty of "kidnapping for ransom, in manner and form as charged in the indictment." The jury also found the age of Gold to be about twenty-four years and the age of each of the other two defendants to be about twenty-three years and fixed their punishment at imprisonment in the penitentiary for a term of twenty years. The indictment charged the defendants with kidnapping one Kopelman to extort a ransom from him of $5000. A motion to quash the indictment was denied, and after the return of the verdict defendants filed a motion in arrest of judgment, which was overruled by the court. Judgment was entered on the verdict and defendants were sentenced to the penitentiary. Gold has sued out this writ of error.

The principal errors assigned are, that the court erred in overruling the motion to quash and the motion in arrest of judgment, that the sentence was excessive, and that the verdict was insufficient. The argument of plaintiff in error is devoted almost entirely to the question of the insufficiency of the verdict.

The "act to prevent and punish kidnapping for ransom," under which this indictment was drawn, was passed in 1901. It made kidnapping for the purpose of extorting ransom or money or other valuable thing or concession from such kidnapped person, his parent, guardian or legal custodian, punishable by death or imprisonment in the penitentiary for

life or for any term not less than five years. (Smith's Stat. 1929, chap. 38, par. 386, p. 1020.) Our statute contains another provision relative to the common law crime of kidnapping, wherein the punishment is imprisonment in the penitentiary for a term of not less than one year and not more than five years, or by a fine not exceeding $1000, or both. (Smith's Stat. 1929, par. 384, p. 1020.) The charge in the indictment is that defendants kidnapped Kopelman for the purpose of extorting from him a ransom of $5000, and the verdict found defendants "guilty of kidnapping for ransom, in manner and form as charged in the indictment," and fixed their punishment at twenty years in the penitentiary. It is contended by plaintiff in error that the verdict finding defendants guilty of kidnapping for ransom in manner and form as charged in the indictment was only a finding of guilty of kidnapping, there being no finding that there was a purpose or intent to extort ransom from the person kidnapped, as charged in the indictment, and that it is necessary that the kidnapping should have been committed for such specific purpose before the defendants could be sentenced to imprisonment in the penitentiary for more than five years. A number of cases are cited by plaintiff in error in which the verdict only found defendants guilty of a part of the crime and such verdicts were held to be insufficient.

The record contains no bill of exceptions, and no question is raised as to the verdict being supported by the evidence or as to the rulings of the court in giving or refusing instructions, hence there is no contention that the proof failed to show defendants were guilty of the crime charged. The only errors complained of are those we have suggested, the principal one of which has reference to the sufficiency of the verdict. Much has been said with reference to the form of verdicts of a jury. In *People* v. *Quesse,* 310 Ill. 467, this court said with reference to the sufficiency of a verdict, the question is whether or not the intention of the

jury can be ascertained with reasonable certainty. If it can be, the verdict will be sustained. It was also said that in applying that test to verdicts the same strictness is not to be indulged in as in pleadings in criminal cases but all reasonable intendments will be indulged in to sustain the verdict. In *Meadowcroft* v. *People,* 163 Ill. 56, the court said: "The verdict in this case is very informal, but is it to be regarded as invalid? It is to be kept in mind that juries are usually composed of men who are not learned in the forms of the law or exact in their use of language, and therefore all reasonable intendments should be made in order to sustain their verdicts when the validity of such verdicts is challenged on merely technical grounds." In *People* v. *Butler,* 268 Ill. 635, the verdict was, "We, the jury, find the defendant, Robert Butler, guilty of indecent liberties with child in manner and form as charged in the indictment." It was insisted that the verdict was not sufficient because there was no finding as to the age of the defendant, the age of the child or the intent with which the act was committed. The court said the words contained in the verdict, "of indecent liberties with child," were intended by the jury to describe the crime of which defendant was found guilty and the verdict was held to be sufficient. Here the jury found the defendants guilty of kidnapping for ransom as charged in the indictment, and the charge in the indictment was that the kidnapping was done with the intent to extort a ransom from Kopelman. It would seem most highly technical to hold that this verdict did not clearly indicate what defendants were found guilty of by the jury. Plaintiff in error's guilt is not denied and only technicalities are resorted to to reverse the judgment. The verdict does not in direct terms state the specific intent of the parties engaged in the kidnapping but does refer to the indictment, which clearly states the intent. The verdict was sufficiently specific.

There being no reversible error in the record, the judgment of the criminal court will therefore be affirmed.

*Judgment affirmed.*