(No. 24001.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM COHEN, Plaintiff in Error.

*Opinion filed April 16, 1937.*

LOUIS GREENBERG, and MAYER GOLDBERG, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN STARKLE REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the crime of robbery while armed with a dangerous weapon. The indictment further charged, and the jury found, that he had theretofore been convicted and sentenced for the crime of grand larceny. He was sentenced under the Habitual Criminal act to the penitentiary for his natural life, such being the maximum, or full period of punishment, for the crime of robbery, while armed. He claims, on review here, that his sentence under the Habitual Criminal act was illegal for the reason that the offense with which he was last charged, as now defined, did not exist at the time the Habitual Criminal act was passed. Further ground urged is, that the act violates section 13 of article 4 of the constitution, and that it is not complete, but is vague and indefinite.

Pertaining to the first point the argument is made that the statute defining robbery, as last amended in 1927, creates a different crime from that defined by the statutes in force at the time of the enactment of the Habitual Criminal act. Robbery, when the Habitual Criminal act was passed in 1883, was defined as "The felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation. Every person guilty of robbery, shall be imprisoned in the penitentiary not less than one year nor more than fourteen years; or if he is armed with a dangerous weapon, with intent, if resisted, to kill or maim such person, or being so armed, he wounds or strikes him, or if he has any confederate present so armed, to aid or abet him, he may be imprisoned for any term of years or for life." This is substantially the defi-

nition of robbery as it exists today. The question of intent to injure the victim, or such injury of him, omitted from later amendments, dealt with the extent of the punishment and not the definition of the crime. Counsel cite *People* v. *Smithka,* 356 Ill. 624, in support of their contention on this point. In that case this court held that the statute relating to the larceny of motor vehicles created a new offense not mentioned in the Habitual Criminal act. Such is not true of the crime of robbery.

The Habitual Criminal act is an act entitled: "An act in relation to the punishment of criminals," (State Bar Stat. 1935, chap. 38, par. 631,) and provides, in material part, as follows: "That whenever any person having been convicted of either of the crimes of burglary, grand larceny, horse-stealing, robbery, forgery, or counterfeiting, shall thereafter be convicted of any one of such crimes, committed after such first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of such last conviction therefor; and whenever any such person having been so convicted the second time as above provided, shall be again convicted of any of said crimes, committed after said second conviction, the punishment shall be imprisonment in the penitentiary for a period not less than fifteen years; provided, that such former conviction or convictions, and judgment or judgments, shall be set forth in apt words in the indictment." It is seen, on the reading of this statute, that the crime of robbery existed when that act was passed and was included therein, and *People* v. *Smithka, supra,* can have no application.

Counsel for plaintiff in error also cite *People* v. *Barnett,* 319 Ill. 403, as supporting their contention that the General Assembly could not have intended that the Habitual Criminal act, enacted in 1883, should be applied to robbery as it is now defined. That case does not sustain counsel's contention. It was there stated: "If in a statute there is neither ambiguity nor room for construction the intention

of the legislature must be held free from doubt. What the framers of the statute would have done had it been in their minds that a case like the one here under consideration would arise is not the point in dispute. The inquiry is what, in fact, they did enact, possibly without anticipating the existence of such facts. This should be determined not by conjecture as to their meaning but by the construction of the language used." The language of the Habitual Criminal act requiring that the accused, on conviction of a second offense, be sentenced to the penitentiary "for the full term provided by law at the time of such last conviction therefor" indicates that the legislature intended that the punishment to be meted out should be as provided by the statute at the time of such conviction, however it might read. Plaintiff in error's first contention cannot be sustained.

It is also said that the Habitual Criminal act is invalid because it contravenes section 13 of article 4 of the constitution, in that the title does not indicate the contents of the act. This contention is without merit. The reading of the title, alone, is sufficient answer to the argument. The title is: "An act in relation to punishment of criminals." No other subject is dealt with and, as this court has so frequently said as to require no citation of authority, it is not necessary that the title to an act be an index of its contents. The constitutional provision invoked has been uniformly construed liberally in favor of the validity of statutes. If by any fair intendment a provision of the body of the act has necessary and proper connections with the title, section 13 of article 4 is complied with. It is only those provisions of an act which are incongruous with the title or have no proper connection or relation with it, that make it void as not embraced within the title. *People* v. *Lloyd,* 304 Ill. 23; *People* v. *Clark,* 296 id. 46; *People* v. *Joyce,* 246 id. 124.

It is also argued that the Habitual Criminal act is not complete in itself in providing penalties to be imposed, but

amends other portions of the Criminal Code, and that when enacted it purported to change the punishment for the crimes of burglary, counterfeiting, forgery, horse-stealing, larceny and robbery. It requires but a casual examination of this act to see that it is an independent act and does. not purport to amend any other statute. It fixes an increased punishment, not as an amendment to the statute fixing punishment for the crime involved, but as an independent statute fixing punishment for a repetition of crime.

In *People* v. *Hartsig,* 249 Ill. 348, cited by counsel for plaintiff in error, it was argued that the Parole law changed terms of imprisonment. It was held that this was not so; that the subject of fixing such terms was not within the scope of the title to the Parole law and that any provision in the Parole law which would operate to change punishment would not be within the title of the act. This case does not support counsel's contention.

Counsel also say that the act is ambiguous and it is impossible to determine how, or by whom, the penalty shall be imposed. They say also that it was the duty of the jury, rather than of the court, to fix the penalty in this case. The language of the statute providing that the accused, on conviction as an habitual criminal, shall be sentenced for the full term of imprisonment meted out as punishment for the crime of which he stands convicted, as provided by the Criminal Code, is definite and certain. The provisions of the Criminal Code regarding punishment for such crime are definite and certain and are incorporated by reference.

It is also argued that the jury should have fixed the punishment. Counsel say that the Parole law has no application to persons convicted under the Habitual Criminal act and therefore they may not be given indeterminate sentences. They cite in support of this contention *Featherstone* v. *People,* 194 Ill. 325. That case does not support their contention. While it was there held that parole laws are not intended to fix punishment, it was also held that the

Habitual Criminal act of 1883 was not repealed by the various Parole acts thereafter enacted in this State, but remains in force, and persons convicted under the Habitual Criminal act may, since the enactment of the Parole law of 1899, receive the benefit of such law. Nor is it necessary that the jury fix the term of imprisonment. In *People* v. *Nowasky,* 254 Ill. 146, a judgment and sentence for the crime of robbery were attacked on the ground that the jury should have fixed the term of imprisonment. This was held to be unnecessary.

There is no error in this record requiring reversal of the judgment, and the judgment is affirmed.

*Judgment affirmed.*