(No. 29029.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FREDERICK PETER JENSEN, Plaintiff in Error.

*Opinion filed November 21, 1945.*

ELLIS & WESTBROOKS, RICHARD E. WESTBROOKS, CLAUDE W. B. HOLMAN, DUDLEY H. THOMAS, and RICHARD K. COOPER, all of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Frederick Peter Jensen, fifty-one years of age, was indicted in the criminal court of Cook county for sexual crimes against a girl eleven years of age. The indictment consisted of six counts. Of these, the first three charged rape; the fourth, immoral, improper and indecent liberties, and the fifth and sixth counts acts tending to render the prosecuting witness a delinquent child. Defendant pleaded not guilty. Later, all counts except count four were *nolle prossed*. A jury trial resulted in a finding of guilty in manner and form as charged in the indictment. Defendant was thereupon sentenced to the penitentiary for a term of from one to twenty years' imprisonment. Jensen prosecutes this writ of error upon the common-law record, no bill of exceptions having been filed.

Seeking a reversal, defendant contends that the indictment was insufficient because it failed to describe the particular acts constituting the "immoral, improper and indecent liberties" charged. Defendant did not challenge the indictment by a motion to quash, nor did he ask for

a bill of particulars. The fourth count charged the offense substantially in the language of the Criminal Code. (Ill. Rev. Stat. 1943, chap. 38, par. 109, sec. 1.) The grand jury added, "a more particular description of said immoral, improper and indecent liberties is too obscene and too gross to be spread upon the record of the court." An indictment charging the criminal offense of indecent liberties in the terms and language of the statute is sufficient. Conversely, an indictment charging the statutory crime of indecent liberties need not necessarily describe the acts which the accused is alleged to have committed. (*People* v. *Rogers,* 324 Ill. 224; *People* v. *Butler,* 268 Ill. 635; *People* v. *Scattura,* 238 Ill. 313.) Defendant argues further that the words "immoral, improper and indecent," employed in the statute and contained in the indictment, are beyond the understanding of a layman. In the construction and application of a statute words are to be given their generally accepted meaning, unless there is something in the act indicating that the legislature used them in a different sense. In *People* v. *Friedrich,* 385 Ill. 175, involving a prosecution under an analogous statute prohibiting the exhibition and offering for sale of obscene and indecent pictures, we recently held that the words "obscene" and "indecent" are of common usage, and are ordinarily used in the sense of meaning something offensive to the chastity of mind, delicacy and purity of thought, something suggestive of lust, lasciviousness and sensuality. A like meaning may be ascribed to the words, "immoral, improper, and indecent," in the present case.

Defendant next contends that there was a failure to include in the judgment order all the elements of the offense charged, that it was not responsive to the verdict and, consequently, void. He argues that the judgment should have specifically found him guilty of taking immoral, improper and indecent liberties with the intent of arousing, appealing to and gratifying his lust, passions and

sexual desires. The judgment found him guilty of indecent liberties, in manner and form as charged in the fourth count of the indictment. Admittedly, the allegations of the indictment included the language claimed to be missing from the judgment order. The law does not require specific repetition, and a verdict or judgment containing a reference to the allegations of an indictment is sufficient. In determining the sufficiency of a judgment entered pursuant to a verdict, the test is whether the intention of the jury is ascertainable with reasonable certainty. A liberal construction, with all reasonable intendments, will be indulged to support the verdict and judgment. (*People* v. *Bailey,* 391 Ill. 149; *People* v. *Orlando,* 380 Ill. 107.) All parts of the record will be searched and interpreted together in determining the meaning of a verdict and judgment, and they will not be held insufficient unless, from necessity, a doubt as to their meaning obtains. *People* v. *Bailey,* 391 Ill. 149; *People* v. *Orlando,* 380 Ill. 107; *People* v. *Quesse,* 310 Ill. 467; *People* v. *Tierney,* 250 Ill. 515.

Defendant next contends that the action of an assistant State's Attorney in dismissing, in the presence of the jury, five of the six counts of the indictment, was prejudicial, and that the court erred in refusing to direct a verdict of not guilty. He points out that he made no motion for an election and that, as a result, the only possible conclusion to be reached by the jury was that the prosecuting attorney and trial judge considered him guilty of the offense charged in the only remaining count. In the absence of a bill of exceptions, it is impossible to determine whether these counts were actually dismissed in the presence of the jury. Accordingly, the presumption obtains that defendant was not prejudiced by the trial court's action.

It is next contended that the granting of a *nolle prosequi* as to the sixth count of the indictment constituted a finding of not guilty as to the offense charged in the fourth count under which defendant was convicted. The sixth count

charged defendant with certain acts directly tending to render the prosecutrix a delinquent child, constituting a misdemeanor. (Ill. Rev. Stat. 1943, chap. 38, par. 104, sec. 2.) Defendant argues that the same evidence as to the "immoral, improper and indecent" acts would have convicted him under either count, and that dismissal of the misdemeanor count necessarily carried with it a finding of not guilty as to the felony. In short, it is insisted that the misdemeanor charged in count six was automatically included in the felony charged by count four, and that dismissal of the misdemeanor count barred further prosecution of the felony. No question as to a *nolle prosequi* was involved in *People* v. *Moore,* 276 Ill. 392, and *People* v. *Tokoly,* 313 Ill. 177, relied upon by defendant. Here, with the permission of the court and before trial, the assistant State's Attorney *nolle prossed* the sixth, a separate and distinct count from the fourth, count. The criminal offenses of indecent liberties and contributing to the delinquency of a child are separate and distinct offenses. The fact that the same proof may support both charges is immaterial. We fail to perceive how defendant could have been prejudiced by the withdrawal of the sixth count.

Finally, the contention is made (1) that counsel for defendant was not allowed sufficient time to argue his motion for a new trial, and (2) that defendant's application for probation should not have been overruled upon argument of counsel, alone. In the absence of a bill of exceptions, neither of these points is open to review. With respect to the first, whether the rulings on a motion for a new trial are prejudicial depends upon the facts of each case. No abuse of discretion having been disclosed, we presume that the trial court will be reasonable and give attorneys time to argue motions where the matters raised warrant it. (*People* v. *Vinci,* 369 Ill. 563.) Likewise, as to the second point, the record discloses that, on motion of defendant's counsel, he was ordered referred to one of

the physicians of the Behavior Clinic of the criminal court of Cook county for examination concerning his mental condition, and that, subsequently, the court overruled the motion to release him on probation. Without a bill of exceptions it is impossible to determine what, if any, evidence was heard by the court on the question of releasing defendant on probation. So far as the record discloses, there was no abuse of judicial discretion in denying the application for probation. Motions and the court's rulings thereon can be preserved for review only by incorporating them in a bill of exceptions or a stenographic report certified by the trial judge. *People* v. *Yetter,* 386 Ill. 594; *People* v. *Reese,* 355 Ill. 562.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*