(No. 29235.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VALDEMAR NORWITT, Plaintiff in Error.

*Opinion filed Sept. 18, 1946—Rehearing denied November 14, 1946.*

VALDEMAR NORWITT, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WIL-

554

son, John T. Gallagher, Melvin S. Rembe, Joseph A. Pope, and C. D. Pemberton, all of Chicago, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error, Valdemar Norwitt, was, on September 1, 1938, convicted, on a plea of not guilty and trial before the criminal court of Cook county without a jury, of the crime of indecent liberties with a child. He was sentenced to imprisonment in the penitentiary for an indeterminate term of one to twenty years. He prosecutes this writ of error *pro se*. No bill of exceptions has been filed and we have before us for review only the common-law record. He has filed what purports to be a transcript of the evidence but which was not presented to or signed by the trial court. Such cannot be taken in lieu of a bill of exceptions.

The brief of the plaintiff in error is voluminous and many errors are assigned, referring to proceedings on the trial. In the absence of a bill of exceptions preserving these questions for review by this court, they may not now be considered on the record before us. Our examination of the case is necessarily limited to the review of the common-law record presented. *People* v. *Conn,* 391 Ill. 190; *People* v. *Street,* 353 Ill. 60.

Both the judgment and pronouncement of sentence by the court found the plaintiff in error guilty of the "crime of indecent liberties with a child in the manner and form as charged in the indictment." Plaintiff in error contends that inasmuch as the statute under which he was indicted recites the words "with the intent of arousing, appealing to and gratifying the lust, passions and sexual desires" of the accused, the child, or both, that the pronouncement of the court is incomplete and insufficient to find him guilty of any crime, since taking indecent liberties is not a crime

unless the intent recited by the statute is shown. This precise question was presented in the case of *People* v. *Jensen*, 392 Ill. 72, where it was held that "The law does not require specific repetition, and a verdict or judgment containing a reference to the allegations of an indictment is sufficient. In determining the sufficiency of a judgment entered pursuant to a verdict, the test is whether the intention of the jury is ascertainable with reasonable certainty. A liberal construction, with all reasonable intendments, will be indulged to support the verdict and judgment. (*People* v. *Bailey*, 391 Ill. 149; *People* v. *Orlando*, 380 Ill. 107.) All parts of the record will be searched and interpreted together in determining the meaning of a verdict and judgment, and they will not be held insufficient unless, from necessity, a doubt as to their meaning obtains. *People* v. *Bailey*, 391 Ill. 149; *People* v. *Orlando*, 380 Ill. 107; *People* v. *Quesse*, 310 Ill. 467; *People* v. *Tierney*, 250 Ill. 515."

The judgment of the trial court here found the plaintiff in error guilty of the crime "of indecent liberties with a child in the manner and form as charged in the indictment." A perusal of the indictment shows it to include the language of the statute, which plaintiff in error complains was omitted from the judgment order. There is no merit to this contention.

Plaintiff in error next contends that the Sentence and Parole Act as applied in the State of Illinois, amends in effect all penalties provided by the Criminal Code, and extends the operation of the Habitual Criminal Act to all persons who are given an indeterminate sentence, and that the Sentence and Parole Act is thus unconstitutional. This theory of plaintiff in error is based on his contention that sex offenders are not being considered for parole by the Parole Board, thus making his indeterminate sentence, of one to twenty years, in reality a sentence for twenty years.

We have frequently announced that under the statute then existing a sentence to the penitentiary is a sentence for the maximum term provided by law for the offense for which sentence is imposed. (*People* v. *Tyson*, 393 Ill. 108; *People* v. *Wilson*, 391 Ill. 463; *People ex rel. Barrett* v. *Sbarbaro*, 386 Ill. 581; *People* v. *Mikula*, 357 Ill. 481; *People* v. *Peters*, 246 Ill. 351.) Further, it was held in the case of *People* v. *Nowasky*, 254 Ill. 146, that the Parole Act did not fix or change the punishment for any crime, but merely prescribed how it should be imposed. Much of plaintiff in error's argument on this point is directed to actions of the Parole Board, and he has sought to inject into the record certain affidavits relative thereto. Such matters are not a part of the common-law record and cannot be considered in this case. *People* v. *Capo*, 393 Ill. 342; *People* v. *Conn*, 391 Ill. 190.

It is next contended that the sentence rendered was excessive, oppressive and so out of proportion to the crime committed as to be a violation of the State and Federal constitutions. In support of this contention, plaintiff in error reiterates his argument that the action of the Parole Board has caused his indeterminate sentence of one to twenty years to become a sentence for the maximum of twenty years. We have heretofore shown that this position is untenable. Plaintiff in error also seeks to have us compare his punishment with that given in other sex cases cited by him. This is clearly a matter outside the common-law record and which need not be considered.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*