(No. 29711.—

The People of the State of Illinois, Defendant in Error, *vs.* Andrew J. Devoney, Plaintiff in Error.

*Opinion filed November 20, 1946—Rehearing denied Jan. 20, 1947.*

George M. Tearney, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Joseph A. Pope, Melvin S. Rembe, and C. D. Pemberton, all of Chicago, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county for stealing an automobile. In each of three counts the indictment charged the automobile to be the personal property of "H. E. Walker whose first name is unknown to said grand jurors."

On arraignment counsel was appointed for the defendant and he entered a plea of not guilty. On trial, the jury found him guilty of larceny of a motor vehicle. After overruling motions for a new trial and in arrest of judgment, the court sentenced the plaintiff in error to the Illinois State Penitentiary, fixing the limit or duration of imprisonment for a term of not less than three nor more than eight years.

In asking for a review of that judgment, plaintiff in error presents only a common-law record. He has assigned error on five points, three of which, *viz:* the verdict and judgment are contrary to the weight of the evidence, the verdict is contrary to the weight of the evidence, and the verdict is the result of prejudice or passion, could only arise on a bill of exceptions, which, however, was not filed in this court.

His other two contentions that the ownership of the property is a necessary averment of the indictment and such ownership must be alleged in a person, corporation or other entity capable of owning property, and that the verdict and judgment are contrary to the law, are based upon the claim that the name of the owner of the property is insufficiently stated in the indictment. As above stated the charge in each count was that the stolen motor vehicle was the personal property of "H. E. Walker, whose first name is unknown to said Grand Jurors." There was no question raised on the trial concerning the use of the initials rather than the Christian name of the owner, so far as the common-law record discloses, and under this condition of the record the point raised is without merit. (*People* v. *Jennings,* 298 Ill. 286.) The question whether the proof was sufficient to identify the complaining witness as the owner could only be shown by a bill of exceptions which is lacking here.

The record shows that a bill of exceptions was tendered to the trial court, signed, sealed and ordered filed on June

28, 1945. Both the plaintiff in error and the People have argued questions of evidence in their briefs and the abstract of record purports to abstract all of the testimony. A careful search in the clerk's office shows that no transcript of the evidence is included in the record filed in this court, and both parties have carelessly referred to same. The omission of the evidence from the record precludes this court from considering questions which could be determined only from a bill of exceptions. Plaintiff in error is not permitted by the mere filing of a brief and argument, including statements of fact, to have those questions passed upon without a bill of exceptions being properly certified and filed in this court. *People* v. *Conn,* 391 Ill. 190; *People* v. *Fuhs,* 390 Ill. 67.

There appearing to be no error on the face of the record submitted to this court, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*