(No. 30867

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES PIGNATELLI, Plaintiff in Error.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

ROMAN E. POSANSKI, (WM. SCOTT STEWART, and CHARLES D. SNEWIND, of counsel), all of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and LEO F. POCH, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, Charles Pignatelli, was tried in the criminal court of Cook County before a jury on the charge of taking indecent liberties with a nine-year-old female child. He was found guilty and sentenced to the penitentiary for a term of not less than ten nor more than twenty years. He has sued out this writ of error.

Our first consideration must be directed to whether the bill of exceptions, or report of proceedings, filed in this cause, is properly before us. Previously, at the September, 1949, term of this court, plaintiff in error filed an original petition for writ of *mandamus* to compel the trial judge to certify to the correctness of a proffered bill of exceptions. The judge refused to sign because the bill had not been presented within the required time. In that proceeding, *People ex rel. Pignatelli* v. *Ward,* 404 Ill. 240, we held that Pignatelli had failed to establish his right to have the writ issue. A petition for rehearing was denied at the November term immediately following. Despite our ruling, plaintiff in error has attached to, and incorporated in, the record before us, an uncertified bill of exceptions. From such fact and from the allegations of his petition for rehearing in the *mandamus* action, (of which we take judicial notice,) it is apparent that plaintiff in error's action is based on a belated discovery that the transcript of the common-law record filed in this court recites in an order under date of October 18, 1948, that, on tender, the bill of exceptions "was signed and sealed by the Judge of this court [the criminal court] and ordered filed." On motion of the People, and without objection from the plaintiff in error, we allowed an amendment of the record which indi-

cates the true tenor of the October 18 order to be that the bill of exceptions was "filed" on that date and nothing else. An affidavit filed in support of the People's motion indicates that the discrepancy was caused by a clerical error. It is interesting to note from the plaintiff in error's allegations in his petition for writ of *mandamus* that he was well aware of the true state of the record. A transcript of the evidence not signed by the trial judge cannot be considered as a bill of exceptions, (*People* v. *Norwitt,* 394 Ill. 553,) and therefore both from the record here and from our previous decision in the *mandamus* action we conclude that the bill of exceptions is not properly before us. The scope of our review is thus limited to assigned error which·is predicated on the common-law record. (*People* v. *Devoney,* 395 Ill. 560; *People* v. *Klien,* 395 Ill. 449; *People* v. *Atkinson,* 376 Ill. 623.) Accordingly, the numerous errors which go to the admittance, propriety and sufficiency of the evidence cannot be considered in the absence of a bill of exceptions. The same is true of those errors touching upon instructions to the jury.

It appears that, prior to the trial of the cause, the People filed a petition under section 3 of the Criminal Sexual Psychopathic Act, (Ill. Rev. Stat. 1947, chap. 38, par. 822,) for the purpose of determining if plaintiff in error was a criminal sexual psychopathic person, and alienists were appointed to examine him. Leave was later given to withdraw the petition and no further steps were taken under it. Plaintiff in error, who attacked and objected to such proceedings at every turn, now contends that it was error for the trial court not to proceed under the petition. It is well settled that all motions and petitions in·the nature of motions are not a part of the common-law record. To become such they must be incorporated in a bill of exceptions or stenographic report signed by the trial judge. (*People* v. *Hamilton,* 404 Ill. 259; *People* v. *Levin,* 318

Ill. 227.) There being no bill of exceptions, there is no issue upon this question for the court to decide.

There remains for our consideration only the contention that the verdict is insufficient to support the judgment. The pertinent part of the verdict recites: "We, the jury, find the defendant Charles Pignatelli guilty of indecent liberties with child in manner and form as charged in the indictment." Plaintiff in error urges that it is insufficient because it fails to include the age of the child and a statement as to the intent with which the crime was committed. It is well settled that the sufficiency of verdicts is not to be construed with the same strictness as indictments, or other criminal proceedings. (*People* v. *Krazik,* 397 Ill. 202; *People* v. *Orlando,* 380 Ill. 107.) A liberal construction, with all reasonable intendments, will be indulged to support the verdict and judgment. (*People* v. *Bailey,* 391 Ill. 149.) All parts of the record will be searched and interpreted together in determining the meaning of a verdict and judgment, and they will not be held insufficient unless, from necessity, a doubt as to their meaning obtains. (*People* v. *Quesse,* 310 Ill. 467.) The law does not require specific repetition, and a verdict or judgment containing reference to the allegations of the indictment is sufficient, provided the substantial elements of the crime are contained in the verdict and only the words charging that such facts violate the law are omitted. (*People* v. *Krazik,* 397 Ill. 202.) Here, as in *People* v. *Butler,* 268 Ill. 635, where an identical objection was made to a similar verdict, the words of the verdict "of indecent liberties with child" were intended by the jury to describe the crime of which plaintiff in error was found guilty. This language together with the specific reference to the indictment which charged the crime and the intent with which it was committed, leaves no doubt or uncertainty as to the meaning of the verdict. (*People* v. *Gold,* 343 Ill. 402.) To like effect are *People*

v. *Jensen,* 392 Ill. 72, and *People* v. *Norwitt,* 394 Ill. 553, where the sufficiency of judgments in indecent liberties cases was under discussion. The verdict was sufficiently specific.

There being no reversible error in the record, the judgment of the criminal court will be affirmed.

*Judgment affirmed.*