(No. 33684—

The People of the State of Illinois, Defendant in Error, *vs.* Steve Kukoch, Plaintiff in Error.

*Opinion filed November 23, 1955*

STEVE KUKOCH, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, FRANCIS X. RILEY, and THOMAS R. TYRRELL, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On March 2, 1943, a jury in the criminal court of Cook County found Steve Kukoch guilty of armed robbery and found that he had theretofore been convicted of robbery. On April 9, 1943, his motions for new trial and in arrest of judgment were overruled and judgment was entered on

the verdict, sentencing him to the penitentiary "for and during the term of natural life." On April 7, 1943, before another judge and jury in the same court, he was found guilty of armed robbery on another indictment, and it was also found that he had theretofore been convicted of robbery. The same judgment was entered in this case.

The defendant first contends that because the Habitual Criminal Act (Ill. Rev. Stat. 1953, chap. 38, par. 602,) provides that punishment for a third offense "shall be imprisonment in the penitentiary for a period not less than fifteen (15) years," it was unlawful to sentence him to imprisonment for life when each verdict found only that he was a second offender. The contention is without merit. The act is concerned with the punishment of those who have repeatedly committed certain enumerated crimes. The punishment for the second offense is "the full term provided by law for such crimes at the time of the last conviction therefor." The maximum sentence for some of the enumerated offenses is less than fifteen years, and so there is no incongruity in fixing a minimum sentence of not less than fifteen years for a third offense.

The second contention is that because the Habitual Criminal Act enumerates numerous offenses to which it applies, it therefore violates section 13 of article IV of the constitution which provides that no act shall contain more than one subject. But the single subject of the statute is the punishment to be accorded to habitual criminals, and it does not violate the constitutional provision. Cf. *People v. Cohen,* 366 Ill. 190.

Each of the judgments of conviction sentenced the defendant to the Illinois State Penitentiary and directed that he be delivered by the sheriff to the Department of Public Welfare. He urges that the judgments were erroneous because they should have directed that he be turned over to the Department of Public Safety. At the time of these

convictions the applicable statute provided that all commitments should "be made to the penitentiary generally, and the Department of Public Safety shall have full power to assign the committed person to the division of the penitentiary system appropriated to his class." (Ill Rev. Stat. 1941, chap. 108, par. 107.) The reference to the Department of Public Welfare was therefore incorrect, but this technical defect has not prejudiced the rights of the defendant and does not afford a basis for disturbing the judgments. Cf. *Waller* v. *People,* 209 Ill. 284.

The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*