(No. 15195.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH PLEITT *et al.* Plaintiffs in Error.

*Opinion filed April 18, 1923—Rehearing denied June 12, 1923.*

1. CRIMINAL LAW—*when form of verdict is responsive to indictment for robbery with dangerous weapon.* Where an indictment contains but one count and charges the defendants with robbery while armed with a dangerous weapon, a verdict finding them "guilty of robbery in manner and form as charged in the indictment" is responsive to the entire indictment, including the charge that the defendants were armed with a dangerous weapon.

2. SAME—*when a verdict does not amount to an acquittal of greater offense.* A verdict finding the defendants guilty of robbery in manner and form as charged in the indictment, which contained a single count charging robbery while armed with a dangerous weapon, is not an acquittal of the charge that the defendants were armed with a dangerous weapon so as to limit the second trial, after first verdict is set aside, to a charge of "plain robbery."

3. SAME—*when aggravated offense of robbery is proved.* Under the amendment of 1919 to the robbery section of the Criminal Code, the aggravated offense is proved if the evidence establishes that the defendant committed the robbery while armed with a dangerous weapon, and an intent to kill or maim need not be proved. (*McKevitt* v. *People,* 208 Ill. 460 and *People* v. *Nowasky,* 254 id. 146, distinguished.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

EUGENE L. McGARRY, (THOMAS E. SWANSON, of counsel,) for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, CLYDE C. FISHER, THOMAS F. REILLY, and JOHN SBARBARO, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

The grand jury of Cook county returned an indictment against Joseph Pleitt, Henry Connier and William Madolski for robbery, alleged to have been committed on the 9th of December, 1921. The indictment contained but one count, and charged defendants made a felonious and violent assault on Walter Ross, put him in bodily fear of his life and robbed him of seven dollars in money, and that at the time of the robbery defendants were armed with a dangerous weapon, to-wit, a pistol. Defendants pleaded not guilty and were tried in April, 1922. The jury returned a separate verdict as to each defendant, finding each of them "guilty of robbery in manner and form as charged in the indictment." They also found defendants' ages by their verdicts. A motion for a new trial was allowed and the verdicts were set aside. In October they were again tried, and the jury again returned a separate verdict as to each defendant, finding each "guilty of robbery in manner and form as charged in the indictment," and further finding that at the time the robbery was committed the defendants were each armed with a revolver. Motions for a new trial and in arrest of judgment were overruled and defendants sentenced to the penitentiary for a term not to exceed the maximum term fixed by statute for the crime of robbery while armed with a dangerous weapon. They have sued out this writ of error to review the judgment.

The contention of plaintiffs in error is that on the first trial they were found guilty of simple or plain robbery, which

was an acquittal of the charge of robbery while armed with a dangerous weapon, and that they could not be tried again for the crime of robbery with a dangerous weapon. Counsel refer to decisions that where a defendant is charged with murder and on the trial is convicted of manslaughter, it amounts to an acquittal of the charge of murder and he cannot be tried the second time under the indictment for murder. That is the rule at common law, and it has been held in this State that an indictment for murder embraces the lesser offense of manslaughter, and a conviction for the lesser crime is an acquittal of the defendant of the greater crime. (*Brennan* v. *People*, 15 Ill. 511; *Barnett* v. *People*, 54 id. 325.) That rule is not applied in many States of the Union nor by the Supreme Court of the United States. *Trono* v. *United States*, 199 U. S. 521.

The offense for which the defendants were indicted is a statutory crime. Section 246 of the Criminal Code defines robbery as the felonious and violent taking from the person of another his money, goods or other valuable thing, and the punishment prescribed is imprisonment in the penitentiary not less than three nor more than twenty years. Said section further provides that if the robber is armed with a dangerous weapon he shall be imprisoned not less than ten years, or for life. Defendants contend that what they call "plain robbery" is included in the indictment for the aggravated offense where the robber is armed with a dangerous weapon, and that because the verdicts in the first trial did not expressly state defendants at the time of the robbery were armed with dangerous weapons, the verdicts were of guilty of plain robbery and an acquittal of the charge that they were armed with dangerous weapons at the time they committed the robbery. While it is not suggested by either party that the verdicts on the first trial were that defendants were guilty of the aggravated offense of robbery, it appears to us such was the plain meaning and effect of the verdicts. As we have said, there was but one

count in the indictment, and that charged the defendants with robbery while armed with a dangerous weapon. The verdicts found each of them "guilty of robbery in manner and form as charged in the indictment." The manner and form of the robbery charged in the indictment was that it was committed by defendants while they were armed with a dangerous weapon. The issue tried under the plea and indictment was robbery by defendants while armed with a dangerous weapon, and a general verdict of guilty in manner and form as charged fully responded to the issue. Although under the indictment the jury might have found defendants guilty of plain robbery,—that is, robbery without being armed with a deadly weapon,—the charge in the indictment was robbery with a deadly weapon, and we can not see how any other meaning can be given the verdicts than that the jury intended to, and did, find them guilty of robbery in the manner and form charged in the indictment. If the jury had meant and intended to find defendants guilty of the lesser degree of the crime included in the charge, they should, and it seems to us they would, have stated in the verdicts that they found them guilty of robbery but that they were not armed with dangerous weapons at the time.

In *Craemer* v. *Washington State,* 168 U. S. 124, the indictment was for murder, which in the State of Washington embraced murder in the first and second degrees, also the crime of manslaughter, for all of which offenses a different punishment was provided. The jury returned a verdict "guilty as charged," and the prisoner was sentenced to death. It was contended by the prisoner that as the charge in the indictment embraced first and second degree murder, also manslaughter, the verdict was uncertain and defective. The court said that under the code of the State of Washington, if the jury found a defendant guilty of an offense inferior in degree to that charged in the indictment the verdict must so specify, but if it was intended to find the

defendant guilty of the degree charged in the indictment
there was no necessity for so specifying it and a verdict
of "guilty as charged" was good.   There is no statute in
this State like the statute of Washington referred to, but
to our minds that makes no difference.   In this State if a
defendant is indicted for murder, which also embraces the
crime of manslaughter, a verdict of "guilty as charged"
would be good as a verdict finding defendant guilty of
murder.   If the jury found him guilty of manslaughter un-
der the indictment they would be required to so specify in
their verdict.

The defendants pleaded not guilty to the crime of rob-
bery while armed with a dangerous weapon, as alleged in
the indictment.   On the first trial the jury found they were
guilty of committing the robbery in the manner and form
the indictment alleged they committed it.   We cannot con-
strue such a verdict to mean that defendants committed the
robbery but not in the manner and form alleged.   That they
were armed with dangerous weapons when they committed
the robbery was a part of the charge of the manner and
form of committing the crime.   The evidence has not been
preserved by bill of exceptions, but to our minds it seems
plain if the jury meant to find defendants guilty of plain
robbery they would not have said they were guilty of rob-
bery in the manner and form alleged in the indictment.
That form of verdict was responsive to the entire indict-
ment.   As we have said, if the jury had found defendants
committed the robbery but that they were not armed with
dangerous weapons that should have been stated in their
verdicts.   Because the jury might have found defendants
guilty of plain robbery, it does not follow that because they
did not say by their verdicts that defendants were armed,
the verdicts were of robbery without being armed.

Much reliance is placed by plaintiff in error on *McKevitt*
v. *People,* 208 Ill. 460, and *People* v. *Nowasky,* 254 id. 146.
Those cases were decided prior to the amendment to the

robbery statute in 1919. As the statute then existed, the aggravated offense for which the maximum punishment might be administered was defined as robbery while armed with a revolver, with intent, if resisted, to kill and maim the victim, and it was held in the cases referred to, that a verdict of guilty of robbery in manner and form as charged in the indictment was not sufficient as a verdict of guilty of robbery while armed with a dangerous weapon, with the intent specified in the statute. The court held the verdict of guilty of robbery was a sufficient finding of guilty of plain robbery, but was, in effect, a finding that the defendant was not guilty of the charge of the intent to kill if resisted. In 1919 the robbery statute was amended, and as amended it provided that every person guilty of robbery should be imprisoned in the penitentiary not less than three nor more than twenty years, "or if he is armed with a dangerous weapon * * * he shall be imprisoned in the penitentiary for any term of years not less than ten years or for life." Under the statute in force when the offense charged in this case was committed, the question of intent to kill or maim is not required to be proved. The aggravated offense is proved if the evidence establishes that the defendant committed the robbery while armed with a dangerous weapon, and justifies the infliction of the punishment provided for aggravated robbery. This was made plain in *People* v. *Hildebrand,* 307 Ill. 544.

The finding the robbery was committed by defendants in manner and form as charged was a finding that they were armed when they committed the crime. If they were never acquitted of that charge they were not injured or prejudiced by being tried a second time for the same offense.

The judgment is affirmed.          *Judgment affirmed.*