(No. 15355.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CURTIS B. ELLIS, Plaintiff in Error.

*Opinion filed June 20, 1923.*

1. CRIMINAL LAW—*verdict must, in itself or by reference to indictment, contain every material element of the crime.* The verdict must respond to the issues submitted to the jury, and must contain, either in itself or by reference to the indictment, every material element of the crime, and a verdict which finds the accused guilty of a certain part of an offense, only, amounts to an acquittal of the residue.

2. SAME—*when verdict does not sufficiently state crime of assault with a deadly weapon.* The crime of assault with a deadly weapon, as defined by section 25 of division 1 of the Criminal Code, includes the element of intent to inflict a bodily injury under circumstances showing an abandoned and malignant heart, and a verdict which does not refer to the indictment, merely finding "the defendant guilty of an assault with a deadly weapon," is not sufficient to sustain a sentence under section 25 and authorizes only a sentence for an assault.

3. SAME—*instructions cannot be made part of record without a bill of exceptions.* Where there is no bill of exceptions, a certificate of the judge that certain instructions were given is without authority of law, and the instructions so certified to have been given cannot be considered as a part of the record in the disposition of the case on review.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding.

BEN T. REIDY, and EDWARD W. SCHOEDE, (H. A. WELD, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, BENJAMIN S. BELL, State's Attorney, VIRGIL L. BLANDING, and EDWARD L. EAGLE, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Curtis B. Ellis was indicted in the circuit court of Rock Island county for murder and the jury returned the following verdict: "We, the jury, find the defendant guilty of

an assault with a deadly weapon," upon which the court
sentenced him to be confined in the county jail for one year
and to pay a fine of $1000 and costs. The defendant has
sued out a writ of error, and contends that the court erred
in sentencing him to imprisonment and to pay a fine in ex-
cess of $100, the maximum penalty for an assault.

The sentence imposed is that provided by section 25 of
division 1 of the Criminal Code for an assault with a deadly
weapon with an intent to inflict upon the person of another
a bodily injury when no sufficient provocation appears or
where the circumstances of the assault show an abandoned
and malignant heart. The contention of the plaintiff in er-
ror is that he was not found guilty of that offense but only
of an assault. A verdict of guilty of the crime defined by
section 25 could not be returned unless the jury found all
the facts which are necessary to establish the defendant's
guilt of that particular crime. The verdict must respond
to the issues submitted to the jury, and must contain, either
in itself or by reference to the indictment, every material
element of the crime. (*Donovan* v. *People,* 215 Ill. 520;
*People* v. *Lemen,* 231 id. 193.) A verdict which finds the
accused guilty of a certain part of an offense only, amounts
to an acquittal of the residue. (*McKevitt* v. *People,* 208
Ill. 460.) The verdict finds the defendant guilty of an as-
sault with a deadly weapon. There is no statute imposing
a penalty for an assault, which has any reference to the
character of weapon with which the assault may have been
committed, which does not require a finding upon the ques-
tion of intent or the circumstances of the assault. Since the
verdict makes no finding of such intent or circumstances,
the words "with a deadly weapon" are surplusage, and the
court erred in imposing a greater penalty than a fine of
$100.

The Attorney General made a motion, which was al-
lowed, to file a certified copy of the instructions given on
the trial, and did file a certificate of the judge that certain

instructions were given. There was no bill of exceptions and the certificate was made without authority of law. The instructions were no part of the record and cannot be considered in the disposition of the case.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*