(No. 21880.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE STREET, Plaintiff in Error.

*Opinion filed June 22, 1933.*

MANUEL M. WISEMAN, (VIRGIL M. JACOBY, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, M. LESTER GEARS, State's Attorney, J. J. NEIGER, and LESLIE G. GEORGE, for the People.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

George Street, the plaintiff in error, was indicted for murder at the January, 1924, term of the circuit court of Madison county. The indictment consisted of four counts, each with various minor differences, charging Street with the killing of Judie Evanoff on February 26, 1924. It appears that on March 25, 1924, Street was arraigned, was furnished with a copy of the indictment and a list of the names of witnesses and entered a plea of not guilty; that on April 14, 1924, the court appointed M. D. Powell, Robert F. Tunnell and I. H. Streeper as counsel for the defendant; that on April 15, 1924, the State and the defendant were both ready for trial; that the defendant was furnished with a list of jurors; that the petit jury was selected and sworn and the cause proceeded to trial; that the jury heard all of the evidence, arguments of counsel and instructions of the court and then retired in the custody of two sworn officers to consider their verdict; that they returned into open court and by their verdict found Street

guilty of murder in manner and form as charged in the indictment, finding his age to be twenty years and fixing his punishment at life imprisonment. On April 25, 1924, the court entered judgment upon the verdict of the jury by sentencing the defendant to the Southern Illinois Penitentiary at Chester for the term of his natural life. No bill of exceptions was preserved, and the case comes here for review by writ of error upon the common law record alone.

No error is assigned as to the sufficiency of the record to sustain the judgment, and the only complaint now made by plaintiff in error is that the trial court erred in appointing incompetent counsel for the accused on the day before the trial of the case, thus denying him the means or opportunity of securing a fair trial under the constitution and laws of this State.

By statutory enactment in this State every person charged with a crime shall be allowed counsel, and when he shall state upon oath that he is unable to secure counsel the court shall assign him competent counsel who shall conduct his defense. (Cahill's Stat. 1931, chap. 38, par. 754.) Whether guilty or innocent the defendant is entitled to a fair trial, which not only includes a reasonable opportunity for him to acquaint his attorney with the nature of his defense but also an opportunity for his attorney to prepare for trial. (*People* v. *Shiffman,* 350 Ill. 243.) The rule is well settled in this State, as shown by numerous citations of authority in behalf of plaintiff in error, that the duty of a trial court to assign competent counsel to defend an accused person who is unable to employ counsel of his own is not intended as a mere empty formality, nor is counsel thus appointed required to act without being allowed a reasonable time to become familiar with the facts in the case and to prepare the defense. While adhering to these rules of law, and desiring, whenever possible, to apply them in furtherance of substantial justice to all persons charged with crime, nevertheless it is of equal, if not greater, im-

portance that this court should always confine its reviews to matters affirmatively appearing in the record before us. Every fact and matter that the prisoner may deem essential to his rights and to a fair and regular trial which is not essentially a part of the record proper, must, if review be sought in relation thereto, be made a part of the record by a bill of exceptions. *People* v. *Munday,* 293 Ill. 191.

The question of competency of counsel must in large measure be decided in each case on its own special facts, (*People* v. *Laures,* 289 Ill. 490,) and there is nothing in the common law record before us which would throw any light on that subject. The record which we are here called upon to review contains nothing from which any person could say whether counsel appointed for plaintiff in error were competent or incompetent. We have before us only the bare facts of the trial and conviction of plaintiff in error, without such details concerning the manner and conduct of the trial as might have been shown by a bill of exceptions. The record before us imports verity, rather than an opposite conclusion that the interests of the accused were injuriously affected. It is only where the record shows that the trial court has abused its discretion in denying reasonable time for the preparation of the defense that a reviewing court will interfere, (*People* v. *Celmars,* 332 Ill. 113,) or where the trial court has permitted undue advantage to be taken of the accused because he was poorly represented. (*People* v. *Gardiner,* 303 Ill. 204.) In these cases, however, bills of exceptions were preserved which disclosed to this court what testimony was heard, how the trials were conducted, and other matters indicating that the defendants' rights to competent counsel and reasonable time to prepare their defense had been abused. The mere fact that here the defendant was placed on trial the day following the appointment of counsel to represent him is not, of itself, to be taken as proof of his counsel's incompetency. So far as the record discloses, the defendant might have

demanded an immediate trial for some reason deemed essential to his own best interests. The common law record before us circumscribes the area and extent of our inquiry. This record discloses no irregularities or abuses of discretion. It shows nothing indicating the incompetence or inexperience of counsel or that undue advantage was taken of the accused by granting him a speedy trial.

For these reasons the judgment of the circuit court of Madison county is affirmed.

*Judgment affirmed.*