(No. 27973.

The People of the State of Illinois, Defendant in Error, vs. Pete Seritella, Plaintiff in Error.

*Opinion filed September 19, 1944.*

Pete Seritella, *pro se.*

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Pete Seritella, who appears *pro se,* was convicted in the criminal court of Cook county, of the crime of robbery while armed with a dangerous weapon. The indictment further charged and the jury found, that he had theretofore been convicted and sentenced for the

crime of robbery. He was then sentenced, under the Habitual Criminal Act, to the penitentiary for his natural life, such being the maximum or full period of punishment for the crime of robbery while armed. He contends, on review here, that his sentence, under the Habitual Criminal Act, was illegal for the reason that the judgment of conviction, as entered, is for robbery without the aggravation; that the judgment supports only a sentence of twenty years.

Section 246 of division I of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 501,) provides: "Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation. Every person guilty of robbery shall be imprisoned in the penitentiary not less than one year nor more than twenty years; or if he is armed with a dangerous weapon, or if he has any confederate present so armed, to aid or abet him, he shall be imprisoned in the penitentiary for any term of years not less than one year or for life." Section 1 of the Habitual Criminal Act (Ill. Rev. Stat. 1943, chap. 38, par. 602,) provides: "Whenever any person who has been convicted of burglary, grand larceny, horse stealing, larceny of a motor vehicle, larceny from the person, rape, robbery, forgery, arson, counterfeiting, kidnapping, confidence game or extortion by threats when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor; and whenever any such person, having been so convicted the second time, as above provided, shall be again convicted of any of said crimes, committed after said second conviction, the punishment shall be imprisonment in the penitentiary for a period not less than fifteen (15) years; provided that such former conviction, or convictions, and

judgment or judgments shall be set forth in apt words in the indictment."

The language of the latter section is clear that if any person is convicted of any of the crimes enumerated and is again convicted of either of said crimes, such person or persons may be punished under such act by imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction. If plaintiff in error committed any offense prior to the second conviction, which rendered him an habitual criminal, it was the duty of the court to give him the maximum punishment as provided in the statute for the crime last committed. *People* v. *Cohen,* 366 Ill. 190.

It is conceded this is the correct rule. However, plaintiff in error insists that the instant judgment of conviction refers only to a charge of robbery and does not include the aggravation, and for that reason it was error to sentence him for the maximum term as to the aggravated offense.

It is not denied that the indictment charged a commission of armed robbery, neither is it denied that he was found guilty by the jury of robbery while so armed, but it is contended the judgment states only that he was guilty of the crime of robbery. In other words, it is contended the judgment fails to state the offense of which the accused was found guilty. The objection is technical rather than substantial, thus where the judgment record contains a reference to the verdict returned against him or speaks of his having been found guilty, or convicted, of a particular and specifically mentioned crime, the description of the crime is sufficient. We think the record is clear in this respect. Not only does it show by the verdict of the jury that plaintiff in error is guilty of the crime of robbery while armed with a dangerous weapon, but the language of the judgment of the court is, "That the said defendant, Pete Seritella, is guilty of robbery while armed as charged

in the indictment, and that he has heretofore been convicted of robbery while armed in manner and form as charged in the indictment." It is true that in that part of the judgment where he was sentenced it also states: "Pete Seritella is guilty of the said crime of robbery in manner and form as charged in the indictment." However, where the record, properly before the court, otherwise sufficiently identifies the crime of which the accused was found guilty as robbery while armed, the statutory penalty for such crime will be read into the judgment. *People* v. *Stacey,* 372 Ill. 478.

We are of the opinion the description of the crime is sufficient as set out in the judgment and that the plaintiff in error was properly sentenced for the crime committed. When considered as a whole, the judgment alone enables the elements and character of the crime to be ascertained and, without this, it is clearly supplied by references in that respect to other parts of the record properly before the court.

The judgment of the criminal court of Cook county is affirmed.