(No. 28741.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LIONEL CONN, Plaintiff in Error.

*Opinion filed September 19, 1945.*

LIONEL CONN, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM T. HENDERSON, State's Attorney, of Danville, (H. J. HASCH, of Danville, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here, brought by plaintiff in error *pro se* on the common-law record, to review a judgment of conviction against him entered on a plea of guilty to a charge of burglary and larceny in the circuit court of Vermilion county. The indictment consists of three counts. The first charges breaking and entering of an office building of the Chicago and Eastern Illinois Railway Company, a corporation, with intent to steal. The second count charges entering, the doors and windows being open. The third count charges burglary and the larceny of two typewriters and other property of the value of $350.

On October 6, 1934, plaintiff in error entered a plea of not guilty and an attorney was appointed to defend him. No motion to quash the indictment or for a bill of particulars was made and on October 10, 1934, plaintiff in error withdrew his plea of not guilty and entered a plea of guilty. The record shows he was admonished by the court as to the consequences of his plea but persisted therein. His age was found to be 35 years and the value of the property taken $200. He was sentenced to imprisonment in the penitentiary not to exceed the maximum nor less than the minimum term provided by law.

He has assigned numerous contentions, most of which would arise on a bill of exceptions, which, however, was not filed. Plaintiff in error argues here that while the indictment alleged the property belonged to the Chicago and Eastern Illinois Railway Company, a corporation, there is no proof of such ownership. This question would arise on a bill of exceptions which, as we have said, was not filed. Moreover, a plea of guilty is an admission of every fact properly averred in the indictment and no proof is required. *People* v. *Lantz,* 387 Ill. 72.

Plaintiff in error argues that in a charge of burglary and larceny the property must be described. No motion to quash the indictment nor for a bill of particulars was filed.

Plaintiff in error also contends he was not given an opportunity to prepare for trial. He was represented by counsel but the record discloses no motion for continuance for such purpose. He claims here that he was entitled to a fair trial. There is nothing in the common-law record to indicate that he did not have the fair trial which the law contemplates. This cause being here on the common-law record, the extent of our inquiry is circumscribed by what that record contains. *People* v. *Street,* 353 Ill. 60.

He also claims that he was not properly warned of the effects of his plea of guilty. The record shows, however, that the court admonished him as to the effect and consequences of his plea and that he still persisted therein. The record imports verity and cannot be contradicted by statements in the briefs. So far as the record discloses, plaintiff in error was properly admonished. *People* v. *Childers,* 386 Ill. 312.

He also complains that evidence in aggravation or mitigation was not heard on his plea. The record in this case does not disclose whether his counsel or the State's Attorney requested such evidence. Where neither party makes such request, such examination will be held to be waived. (*People* v. *Childers,* 386 Ill. 312; *People* v. *Schuedter,* 336 Ill. 244.) He also claims the Parole Board erred in not granting him parole. However, such complaint is not within the common-law record and is not to be considered in this case.

There is no merit to any of plaintiff in error's contentions and the judgment is affirmed.

*Judgment affirmed.*