(No. 28819.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BAILEY, Plaintiff in Error.

*Opinion filed September 19, 1945.*

ALBERT H. WERNER, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, William Bailey, was tried and convicted December 6, 1934, in the criminal court of Cook county upon an indictment containing three counts. The first count charged robbery while armed with a pistol. The second count contained the charge of robbery with a pistol and also the further allegation that plaintiff in error had theretofore been convicted of the crime of grand larceny. The third count merely charged robbery without alleging that plaintiff in error was armed with any dangerous weapon or alleging any previous conviction. A plea of not guilty was entered; a trial by jury had; and the following verdict returned: "We, the jury, find the said defendant, William Bailey, guilty of robbery in manner and form as charged in the indictment. And we further find from the evidence, that the defendant, under the name of William Bailey, has been heretofore convicted of grand larceny." Upon this verdict judgment was entered sentencing him to the penitentiary for life. He now brings the common-law record by writ of error to this court for review, claiming the verdict is insufficient to support the judgment and sentence. He contends, not that the judgment should be reversed in its entirety, but that the cause should be remanded to the criminal court for correction of the sentence.

The statutory provisions prescribing the punishment to be imposed upon a defendant convicted of robbery are found in section 246 of division I of the Criminal Code, section 1 of the Habitual Criminal Act and section 2 of the Parole Law of 1917; and although there have been various amendments of the two last mentioned statutes since the commission of the robbery of which plaintiff in error was convicted herein, the punishment for robbery is the same now as it was then. The punishment of a person guilty of robbery was imprisonment in the penitentiary for an indeterminate number of years not less than one nor more than twenty, or if the person committing the robbery was armed with a dangerous weapon or had any confederate present so armed to aid or abet him, the term of imprisonment was from one year to life. Under the Habitual Criminal Act the punishment was increased from such indeterminate sentences to the full term provided for the crime if the person convicted had prior thereto been convicted of any of certain enumerated offenses, among which was the crime of grand larceny. Ill. Rev. Stat. 1943, chap. 38, par. 602.

Plaintiff in error contends that inasmuch as he is charged in two of the counts with the crime of robbery while armed with a pistol, and in another and separate count with the lesser and different crime of unarmed robbery, the verdict of the jury, making no finding that he is guilty of armed robbery but merely finding him "guilty of robbery in manner and form as charged in the indictment," is necessarily equivalent to a finding that he is guilty of robbery, only, under the third count of the indictment; that since the third count is the only count not charging armed robbery, this is the only count to which the verdict could apply; and that as the third count contains no allegation of a prior conviction, the finding of the jury as to his prior conviction is surplusage and void. He contends that the proper sentence which the court should have imposed

was one of imprisonment for a term of from one to twenty years. He argues further than even though this contention be not sustained, and the verdict be considered as referring to the second count, nevertheless under that count the jury could have found him guilty of either armed or unarmed robbery, and since the verdict found that he was guilty of robbery and had previously been convicted of grand larceny, but made no finding as to whether or not he was armed while committing the robbery and contained no mention of robbery in the aggravated form, the maximum sentence which could have been imposed under the second count was imprisonment for twenty years.

It was formerly held, prior to the amendment of the robbery statute in 1919, that a defendant could not be sentenced for the crime of robbery while armed if the finding of the jury was merely that he was "guilty of robbery in manner and form as charged in the indictment;" that upon such finding the sentence could only be for unarmed robbery; and that a verdict of guilty was not a finding that the defendant was guilty of the graver crime of armed robbery with which he was charged unless such graver crime was specifically designated or described in the verdict itself. (*McKevitt* v. *People*, 208 Ill. 460.) However, since the amendment of 1919 this is no longer the rule, and, under an indictment charging robbery while armed, a specific finding as to the graver crime is not necessary, but a finding that the defendant is guilty of robbery as charged is a finding that he was armed when he committed the crime. *People* v. *Giacomino*, 347 Ill. 523; *People* v. *Pleitt*, 308 Ill. 323; *People* v. *Hildebrand*, 307 Ill. 544.

The test in determining the sufficiency of a verdict and the judgment of conviction based thereon is whether or not the intention of the jury can be ascertained with reasonable certainty. Verdicts are to be liberally construed and all reasonable intendments indulged in their support.

A verdict is not to be held insufficient unless from necessity there is doubt as to its meaning; and in determining the meaning the entire record will be searched and all parts of the record interpreted together. (*People* v. *Quesse,* 310 Ill. 467; *People* v. *Tierney,* 250 Ill. 515.) Here the finding contained in the verdict that the plaintiff in error had been previously convicted of grand larceny clearly identifies the second count of the indictment as the one under which the jury found him guilty. This finding of previous conviction cannot, unless of necessity, be discarded as surplusage, as it is a finding upon a material allegation in the indictment. We can come to no other reasonable conclusion except that the verdict of the jury by this finding refers expressly to the second count of the indictment, as the count upon which the finding of guilty was made. It is true, as plaintiff in error points out, that under the second count he could have been found guilty of either armed or unarmed robbery; but if the jury had intended to find him guilty of the lesser degree of the crime included in the charge under that count, it should, and undoubtedly would, have stated in its verdict that it found him guilty of robbery, but that he was not armed with a dangerous weapon at the time. (*People* v. *Pleitt,* 308 Ill. 323.) The counts of the indictment in this case do not charge unrelated or disassociated felonies. Each of the three counts charges 'that plaintiff in error on October 6, 1934, robbed one Leo J. Patterson of the sum of $34. If the evidence sustained the allegations of the second count, the general verdict of guilty was sufficient to support the judgment, (*People* v. *Giacomino,* 347 Ill. 523;) and the evidence not being preserved in the record, we must presume that it was sufficient to support the second count of the indictment and the judgment of the court based thereon. *People* v. *Berkowski,* 385 Ill. 392.

This court, in the case of *People* v. *Giacomino,* 347 Ill. 523, decided the points at issue in the case at bar con-

trarily to the views contended for by plaintiff in error. In that case two defendants were indicted for robbery. The indictment contained two counts, the first charging robbery with a pistol and the second charging robbery without alleging that the defendants were armed with any dangerous weapon. The cause was heard by the court and both defendants were found "guilty of robbery in manner and form as charged." Judgment was entered sentencing both defendants to imprisonment in the penitentiary for the term prescribed as punishment for the greater offense. It was contended that as the defendants were not found or adjudged guilty, in express language, of robbery while armed with a dangerous weapon, it was error to impose punishment for such offense. We there held such contention could not be sustained, and that it was not error upon the general finding of guilty to impose sentence for the greater of the two crimes. In that case this court quoted and applied the rule stated by Wharton, which is equally applicable to the case at bar. "When counts are joined for offenses which are different but not positively repugnant and there is a general verdict of guilty, the practice is to sentence on account of the highest grade, the prosecution either expressly or tacitly withdrawing the other counts."

The logical effect and meaning of a general verdict finding a defendant "guilty in manner and form as charged in the indictment" are that he is guilty in manner and form as charged in each count of the indictment. A verdict cannot be sustained if it is inconsistent, but a finding that a defendant is guilty of simple robbery and of robbery with a dangerous weapon is not inconsistent or repugnant. (*People* v. *Bell,* 328 Ill. 446; *Murray* v. *United States,* 10 Fed. 2d. 409, *certiorari* denied 46 S. Ct. 486.) The more serious crime includes the simpler one. Every person who robs with a dangerous weapon robs nevertheless, (*Murray* v. *United States,* 10 Fed. 2d. 409,) and a count

charging the greater offense contains every material element of a count charging the lesser. *People v. Bell,* 328 Ill. 446.

Plaintiff in error, to sustain his contention that the verdict is insufficient to support the judgment, cites, in addition to the case of *McKevitt* v. *People,* 208 Ill. 460, which we have shown is no longer controlling, the cases of *People* v. *Ellis,* 309 Ill. 51, *People* v. *Vehon,* 340 Ill. 511, and *People* v. *Schuster,* 339 Ill. 73. These cases differ widely from the case at bar. In the *Ellis case* the defendant was indicted for murder and the verdict returned was, "We, the jury, find the defendant guilty of an assault with a deadly weapon." In the *Vehon case* the defendant was charged in one count with a violation of the Criminal Code by bombing a building in use and designed for human occupancy, and in another count with malicious mischief as defined by the Criminal Code. In the *Schuster case* one count charged burning with intent to injure and defraud and other counts charged conspiracy to burn and set fire with intent to defraud. The verdicts in both the *Vehon* and the *Schuster case* were general verdicts of guilty in manner and form as charged in the indictment. These cases have no bearing on the case at bar. There is nothing contained in any of the cases cited by plaintiff in error which would authorize us to overrule the more recent case of *People* v. *Giacomino,* 347 Ill. 523. The only difference between the *Giacomino case* and the one now before us is that there the trial was by the court, while in this case it was by jury. However, we do not regard this distinction sufficient to prevent the *Giacomino case* from controlling here, especially in view of the basis for that holding which was the rule laid down by Wharton in cases tried by jury.

Finding no reversible error in the record, the judgment of the criminal court will be affirmed.

*Judgment affirmed.*