(No. 29164.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED EARL WOOTEN, Plaintiff in Error.

*Opinion filed January 23, 1946.*

Fred Earl Wooten, *pro se.*

George F. Barrett, Attorney General, and Robert F. Smith, State's Attorney, of Greenville, for the People.

Mr. Justice Gunn delivered the opinion of the court:

At the January term, 1928, the grand jury of Bond county indicted plaintiff in error, Fred Earl Wooten, for the crime of robbery. The indictment contained three counts, and each count contained therein the charge that the defendant was at the time of the robbery then and there armed with a dangerous weapon, *viz.,* a pistol or revolver loaded with powder and ball. Plaintiff in error pleaded guilty to the first count, and the judgment of the court sentenced him to the Southern Illinois penitentiary at Menard, "for the crime of robbery in manner and form as charged in the said indictment," and adjudged that he be imprisoned for a term of years not to exceed the maximum term provided by law. No bill of exceptions accompanies the common-law record.

He assigns as error: first, the court erred in failing to designate in the judgment the type of robbery for which he was sentenced; and, second, that the court erred in not stating in what manner the sentence should be served in connection with other sentences in other courts outstanding against the plaintiff in error.

Plaintiff in error was charged with robbery while armed with a deadly weapon. He pleaded guilty to such an indictment. Judgment of guilty of robbery in manner and form as charged in the indictment is a proper judgment for robbery while armed, where the indictment, or the count of the indictment to which he pleads, charges robbery while armed. (*People* v. *Bailey,* 391 Ill. 149; *People* v. *Hildebrand,* 307 Ill. 544; *People* v. *Pleitt,* 308 Ill. 323.) The judgment is in the proper form where he is sentenced to imprisonment for a term of years not to exceed the maximum of the statute wherein he stands convicted. (*People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241; *People* v. *Connors,* 291 Ill. 614.) The first assignment of error is without merit.

The plaintiff in error also claims that a provision should have been made in the judgment to serve it cumulatively with another judgment or sentence imposed upon him. The record does not show any such other sentence for robbery and, as a matter of fact, while there are three counts in the indictment upon which he pleaded, he was only sentenced upon the first count. He states in his brief that he is now at the same time confined under another judgment or conviction rendered in another court in Illinois for another different offense. There is nothing in the record to substantiate this claim. The common-law record contains no reference to it; there is no bill of exceptions; there is nothing before us upon which to consider this assignment of error. A writ of error to review the record of a trial court does not reach questions arising in another case in another court, or any matter not appearing in the record of the trial court.

The judgment of the circuit court of Bond county is affirmed.

*Judgment affirmed.*