(No. 29550.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BRADLEY McELHANEY, Plaintiff in Error.

*Opinion filed September 18, 1946.*

BRADLEY MCELHANEY, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROBERT H. CHASE, State's Attorney, of Metropolis, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of error sued out to review a judgment of the circuit court of Massac county, entered October 25, 1945, which found plaintiff in error guilty of the crime of burglary and larceny, and sentenced him to the penitentiary for an indeterminate term of one year to life. Plaintiff in error appears *pro se* and presents the common-law record of his conviction, with no bill of exceptions, thus limiting the consideration of this court to the record before it. *People* v. *Conn,* 391 Ill. 190; *People* v. *Street,* 353 Ill. 60.

The record indicates that a grand jury returned a true bill charging plaintiff in error with the crime of burglary and larceny, following which he waived a jury trial and entered a plea of guilty, and persisted in such plea after due admonishment by the court, whereupon judgment was pronounced against him.

The first allegations of error are: (1) That he was not allowed to consult an attorney or to see his family from the time of his arrest until the time of trial; (2) that he was not given a preliminary hearing before a magistrate or given an opportunity to be released on bail; and (3) that the State's Attorney wrongfully entered a plea of guilty after plaintiff in error had refused so to plead. Such objections cannot be considered in the absence of a

bill of exceptions. The common-law record, to which we are confined, contains nothing to support these contentions.

It is next contended that the court erred in failing to appoint counsel to represent plaintiff in error. As we have pointed out in recent decisions, the right to be represented by counsel is a personal right which the defendant may waive or claim, as he himself may determine. (*People* v. *Corbett,* 387 Ill. 41; *People* v. *Fuhs,* 390 Ill. 67; *People* v. *Foster, ante,* p. 194.) The record does not show that plaintiff in error took any affirmative steps to have counsel appointed, as prescribed in section 2 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1945, chap. 38, par. 730,) but rather the record expressly states that plaintiff in error waived his right to be represented by counsel after having that right explained to him by the court. There is no merit in this contention.

The next errors assigned are: (1) That plaintiff in error was not furnished with a copy of the indictment, and (2) that the court did not explain to him the consequences of his plea of guilty. In both instances the record clearly shows that the court properly performed its duties in these respects, and limits further inquiry by this court. *People* v. *Foster, ante,* p. 194; *People* v. *Conn,* 391 Ill. 190; *People* v. *Street,* 353 Ill. 60.

Plaintiff in error further contends that the trial court erred in not hearing evidence in aggravation or mitigation of the offense. It does not appear from the record that either party requested such an examination or hearing, in which case it is deemed to have been waived. *People* v. *Childers,* 386 Ill. 312; *People* v. *Throop,* 359 Ill. 354.

It is further urged that the judgment of the court was void in that it contained an advisory opinion and recommendation fixing the minimum and maximum limits of the term of imprisonment, which practice was declared invalid by this court in *People* v. *Montana,* 380 Ill. 596. Again, an examination of the record does not disclose such

an opinion or recommendation of the trial court, and the contention is without merit.

Lastly, on the assumption of the validity of other errors assigned, plaintiff in error contends that he has been denied due process of law. An examination of the common-law record before us does not support this contention, for it appears that he was afforded all rights of a fair trial contemplated by law. For this and the foregoing reasons, the judgment of the circuit court of Massac county is affirmed.

*Judgment affirmed.*