(No. 29797.─

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY CREVISTON, Plaintiff in Error.

*Opinion filed January 22, 1947.*

HARRY CREVISTON, *pro se.*

GEORGE F. BARRETT, Attorney General, and DAVID N. CONN, State's Attorney, of Chester, (EDWARD W. CLENDENIN, of Sparta, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error, Harry Creviston, prosecutes the writ of error in this case for the purpose of reviewing a judgment of the circuit court of Randolph county. At the March term, 1937, of the circuit court of Randolph county, he was indicted for the crime of robbery. The indictment

consists of four counts. Each charges the defendant with the crime of robbery while armed. Upon his plea of guilty he was sentenced to the penitentiary for a term of one year to life. He contends in this court that he was denied due process of law; that it was the duty of the court to hear evidence in aggravation or mitigation of the offense, and that he did not plead guilty to the crime of armed robbery, but only to the crime of robbery, and that he should have been sentenced for a term of not less than one year nor more than twenty years. The case is presented here on the common-law record only.

In support of his contentions, he sets up facts in his brief which are contrary to the record. He contends that he was arraigned with two other codefendants, indicted jointly with him; that when the court arraigned the defendants and asked them if they were guilty or not guilty, one of his codefendants answered guilty; that he himself did not plead either guilty or not guilty but stood mute. He further contends that having stood mute, the court should have entered a plea of not guilty. The record does not support this contention. The record imports verity and cannot be contradicted by statements in the brief. (*People* v. *Conn,* 391 Ill. 190.) The record shows that plaintiff in error entered a plea of guilty to the charge of robbery as charged in the indictment; that the court, before accepting the plea, fully advised him of his legal rights and admonished him of the consequences of his plea; that he persisted therein; that the plea was accepted and the judgment entered sentencing the defendant, who was found to be 21 years of age, for a term of imprisonment for one year to life, or until discharged according to law.

He further contends that he was not allowed to consult an attorney and that the court should have appointed counsel for him. The failure to appoint counsel to represent the defendant is not error where the record does not show that he took any affirmative steps to have counsel appointed

as prescribed in section 2 of division XIII of the Criminal Code. (*People* v. *McElhaney,* 394 Ill. 380.) The record does not show that he requested the appointment of counsel or brought himself within the above statute. *People* v. *Fuhs,* 390 Ill. 67.

As to his contention that he pleaded guilty only to the crime of robbery unarmed and that the court erroneously sentenced him for armed robbery, each count of the indictment charged him with armed robbery. He pleaded guilty to the crime of robbery as charged in the indictment. This was clearly a plea of guilty to armed robbery, as charged in each of the four counts of the indictment. Similar contentions were rejected in *People* v. *Wooten,* 392 Ill. 468, and in *People* v. *Bailey,* 391 Ill. 149. His contention that the court erred in not hearing evidence in aggravation or mitigation of the offense cannot be sustained, because the court had no discretion in fixing the penalty. The contentions of plaintiff in error cannot be sustained.

The judgment of the circuit court of Randolph county is affirmed.