(No. 30094.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CECIL CARTER, Plaintiff in Error.

*Opinion filed November 20, 1947.*

CECIL CARTER, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (WARNER WALL, State's Attorney, of Mound City, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Cecil Carter, who appears *pro se,* was indicted with two others in the circuit court of Pulaski County, at the April, 1930, term of said court, for the crime of burglary and larceny. The indictment alleged the value of the property taken to be $500. After arraignment all three defendants entered pleas of guilty. Plain-

tiff in error then being twenty years of age was sentenced to imprisonment in the reformatory at Pontiac for an indeterminate term as provided by law. No bill of exceptions being filed here, the cause is before us on the common-law record.

The errors assigned by which a reversal of the judgment is sought are: (1) That plaintiff in error did not have counsel to advise and represent him; (2) that the court did not examine witnesses as to the aggravation and mitigation of the offense; (3) that he was forced to trial without having an opportunity to prepare his defense; (4) that he did not waive a jury; (5) that he was not furnished with a copy of the indictment, a list of jurors or a list of witnesses; (6) that the consequences of his plea of guilty were not properly explained to him; (7) that the State's Attorney secured his plea of guilty by promises of leniency in his sentence.

It is first contended by plaintiff in error that he did not have counsel appointed to represent him and protect his rights. It is not shown by the record that the defendant informed the court or in any way indicated that he desired counsel. We have repeatedly held that the right to be represented by counsel is a personal right which a defendant may waive or claim as he himself may determine. (*People* v. *Foster,* 394 Ill. 194; *People* v. *Fuhs,* 390 Ill. 67.) It is well settled that no duty rests upon the trial court to provide legal assistance for an accused unless he states upon oath his inability to procure counsel and expresses his desire to have counsel appointed to represent him. (*People* v. *Bute,* 396 Ill. 588; *People* v. *Creviston,* 396 Ill. 78; *People* v. *Stubblefield,* 391 Ill. 609; *People* v. *Braner,* 389 Ill. 190.

It is next contended the court did not examine witnesses as to the aggravation and mitigation of the offense. Plaintiff in error did not request the court to hear evidence in aggravation or mitigation of the offense. After a plea

of guilty, if neither party makes a request for an examination of witnesses as to aggravation or mitigation of the offense, such hearing will be deemed waived. (*People* v. *Bernovich,* 391 Ill. 141.) The common-law record presented here is silent as to whether evidence on this point was heard. This question has, however, been frequently before this court for consideration. In a number of cases this court has held that where the record does not disclose that either the State's Attorney or the defendant requested the trial court to examine any witnesses in the matter of mitigation or aggravation before passing sentence, the presumption is that the defendant waived any hearing on that subject. (*People* v. *Farris,* 392 Ill. 267; *People* v. *Throop,* 359 Ill. 354.) As was said in the case of *People* v. *Gerke,* 332 Ill. 583, "Where the record shows that a defendant, before pleading guilty, was admonished by the court as to the effect of such plea and the punishment which might be inflicted, it is not necessary that it show affirmatively that the court heard witnesses as to matters in mitigation or aggravation of the offense." In the instant case the record discloses that the defendant was admonished and advised of all his rights and the consequences of his plea, but persisted therein and same was accepted and entered of record. It does not appear from the record that any request was made thereafter, either by the State's Attorney or the defendant, to examine any witnesses in the matter of mitigation or aggravation before passing sentence. The presumption being that the defendant waived any hearing on that subject, his contention in that respect cannot be sustained.

Plaintiff in error contends that he was forced to trial with such expedition that he did not have an opportunity to prepare his defense. The record does not disclose that plaintiff in error made any request for additional time in which to plead or prepare his defense, or that he was forced to plead or was rushed into trial against his wishes.

From an examination of the record it does not appear that plaintiff in error requested additional time or that the court's refusal to give it in some way prejudiced the rights of plaintiff in error. (*People* v. *Dale,* 355 Ill. 330.) It is only where the record discloses that the trial court abused its discretion in denying reasonable time for the preparation of a defense that a reviewing court will interfere. (*People* v. *Staryak,* 396 Ill. 573.) Since the record fails to disclose that the defendant neither requested nor was refused additional time within which to plead or prepare his defense, this contention cannot be sustained. (*People* v. *Bute,* 396 Ill. 588.) Neither can plaintiff in error's conviction and sentence be attacked because he did not waive a jury in writing or otherwise. He entered a plea which constituted a waiver of trial by jury. *People* v. *Braner,* 389 Ill. 190; *People* v. *Corrie,* 387 Ill. 587.

Plaintiff in error claims he was not furnished with a copy of the indictment or with a list of the jurors or witnesses, as required by statute. He has inserted in his abstract, marked as exhibit "A," an unauthenticated copy of an alleged *mittimus* issued by the circuit court of Pulaski County, which he claims contains a complete recital of all that took place at the time he was arraigned and sentenced. In this *mittimus* there is no recital whatever as to whether he was or was not furnished with a copy of the indictment or a list of the jurors or a list of the witnesses. This exhibit "A" is no part of the record and therefore cannot be considered.

We have, on numerous occasions, condemned the practice of inserting in the abstract or brief and arguing on review matters outside the record. (*People* v. *Phelps,* 388 Ill. 618.) The record discloses in this case that the judgment entered recites that defendants and each of them were furnished with a copy of the indictment, list of jurors and list of witnesses. The record imports verity and cannot be contradicted by statements in the abstract or brief.

(*People* v. *Creviston,* 396 Ill. 78.) In this case, however, had the *mittimus* been properly included in the record, it could not avail plaintiff in error, as we have held that the statutory provision in regard to furnishing an accused with a copy of the indictment and a list of the jurors and witnesses is directory, and before an accused can assign error on this ground the record must show that he demanded the same and was refused. (*People* v. *Watt,* 380 Ill. 610; *People* v. *O'Hara,* 332 Ill. 436.) We have also held that it is not the *mittimus* or warrant of commitment but the judgment and sentence of the court which is the real authority for the detention of a prisoner, (*People* v. *Kennay,* 391 Ill. 572,) and that in case of a variance between the language of the commitment and the judgment, the latter prevails. *People* v. *Stubblefield,* 391 Ill. 609.

An examination of the record further does not reveal any support for plaintiff in error's contention that the court did not explain to him the consequences of his plea of guilty and refused to advise him of his rights. The recitals in the judgment disclose he was properly admonished and advised of his rights.

He also contends that the State's Attorney told him that if he would plead guilty he would receive a sentence of from one to twenty years and would be paroled at the end of one year. There is nothing in the record to substantiate these statements.

We have examined the record in this case and the numerous contentions assigned by plaintiff in error and do not find any errors warranting a reversal.

For the foregoing reasons, the judgment of the circuit court of Pulaski County is affirmed.

*Judgment affirmed.*