(No. 30640.— ▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL DAVIS, Plaintiff in Error.

*Opinion filed January 19, 1949.*

EARL DAVIS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, MELVIN S. REMBE, W. S. MIROSLAWSKI, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error was sentenced by the criminal court of Cook County to the Illinois State Penitentiary for the crime of burglary, and his term fixed at not less than one

nor more than two years. He has sued out a writ of error complaining that he did not have a fair and impartial trial and that the Parole Board unlawfully gave him a setting for a violation of his parole contract, on a prior conviction, of fifteen years. He has filed a common-law record and a purported abstract thereof.

The claim that the Parole Board erred in fixing an additional penalty for parole violation is not within the common-law record and cannot be considered with the other errors assigned in this case. *People* v. *Conn,* 391 Ill. 190.

It is assumed from the statement in the brief of the defendant in error that a transcript of the testimony in this case, certified by the official court reporter on August 25, 1948, more than three years after the trial and after the time for filing the same, was filed in this court without any authorization. The so-called bill of exceptions was not approved, filed or authenticated in the trial court, and the practice of inserting matters wholly outside of the record will not be approved or considered by this court. *People* v. *Phelps,* 388 Ill. 618.

The abstract filed by plaintiff in error consists of two pages and is merely an index except that he sets forth as his contentions: (1) That the appellant has not had a fair and impartial trial; (2) that the State voluntarily used evidence known to be false; (3) that he was convicted upon perjured testimony; (4) that he was denied the right to secure guidance from competent counsel; and (5) that the denial of appellant's constitutional rights deprived the court of jurisdiction to sentence appellant.

Four of the alleged errors could be considered only upon the filing of an approved bill of exceptions, which is wholly lacking in this record.

The fourth contention, that he was denied the right to secure guidance from competent counsel, is not supported by the record. The common-law record discloses that upon arraignment the plaintiff in error pleaded not guilty. Coun-

sel was appointed for him, trial by jury waived and upon a hearing before the court he was found guilty of burglary and sentence followed.

The brief filed in his behalf contains no citation of law or any argument pertaining to any of the contentions above set forth. It is merely a recitation of factual matters, none of which have been properly preserved by a bill of exceptions.

Plaintiff in error was sentenced in June, 1945, so that the judgment in the instant case must have been satisfied and the errors complained of 'considered moot.

We do not find that the defendant was denied a fair and impartial trial or that he has presented any substantial error on the record. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*