(No. 31361.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VINCENT CLARK, Plaintiff in Error.

*Opinion filed March 22, 1950.*

VINCENT CLARK, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and PRESTON W. KIMBALL, State's Attorney, of Carthage, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

On October 24, 1935, the defendant, Vincent Clark, was indicted in the circuit court of Hancock County for burglary and larceny charged to have been committed on September 3, 1935. He was arraigned nearly three years later, namely, on August 29, 1938, and furnished with a copy of the indictment and a list of witnesses. Upon pleading guilty to the crime of burglary, the trial judge cautioned and admonished defendant with respect to the nature, effect and consequences of his plea and of the penalty attached thereto, and, also, of his right to a trial by jury. Defendant persisted in his plea of guilty, the plea was accepted, he was adjudged guilty of burglary, as charged in the indictment, and sentenced to the penitentiary for an indeterminate term of from one year to life. Appearing *pro se,* defendant prosecutes this writ of error. No bill of exceptions has been filed.

Defendant contends that he was not represented by counsel at his arraignment or his pleading, as guaranteed

by the sixth amendment to the Federal constitution, and "emphatically states" that he did not waive his right to counsel, pointing out that the common-law record shows no such "waiver." The right to be represented by counsel, it is firmly established in this State, is a personal right which an accused may waive or claim as he himself elects, and no duty rests upon the trial court to provide a defendant with legal assistance unless he states, upon oath, in accordance with section 2 of division XIII of the Criminal Code (Ill. Rev. Stat. 1949, chap. 38, par. 730,) his inability to procure counsel. (*People* v. *Hawley,* 399 Ill. 300; *People* v. *Carter,* 398 Ill. 336; *People* v. *Pond,* 390 Ill. 237.) The provision of the sixth amendment which guarantees to an accused in a criminal prosecution in a Federal court the assistance of counsel for his defense is inapplicable to a defendant in a noncapital case in Illinois, unless his rights and privileges under the due-process clause of the fourteenth amendment are infringed. (*Foster* v. *Illinois,* 332 U.S. 134; *Betts* v. *Brady,* 316 U.S. 455; *People* v. *Wilson,* 399 Ill. 437.) In short, where the record in a noncapital case, as here, is silent and does not show that the accused states, upon oath, that he was indigent and asked that counsel be appointed, he is deemed to have waived a personal privilege and has not been denied a constitutional right, and, in particular, he has not been denied due process of law.

Defendant's second contention is that he was not furnished with a copy of the indictment until after he had entered the court room at the time of his arraignment. His point is that this constituted a violation of section 1 of the act of 1933 which provides: "Every person arrested upon an information or complaint for any criminal offense or for the violation of any penal ordinance of a municipal corporation of this State shall be furnished with a copy of the information or complaint upon which he is charged, not less than one hour previous to his arraignment, hear-

ing or examination." (Ill. Rev. Stat. 1949, chap. 38, par. 736a.) The applicable provision of the Criminal Code is section 1 of division XIII (Ill. Rev. Stat. 1949, chap. 38, par. 729,) which declares, "Every person charged with treason, murder or other felonious crime, shall be furnished previous to his arraignment, with a copy of the indictment, and a list of the jurors and witnesses." The common-law record affirmatively discloses that these provisions were satisfied. In any event, where a defendant pleads guilty after the nature of his action has been explained to him, and he at no time demands a copy of the information or indictment, the presumption obtains that he waived the right to be furnished with a copy of the information or indictment previous to trial. (*Kelly* v. *People,* 132 Ill. 363; *People* v. *Poe,* 304 Ill. App. 601.) As pertinently observed in the *Kelly case,* "We think that, before waiving formal arraignment and pleading to the indictment, the prisoner should have demanded the copy and lists and, upon being refused, should have excepted and presented the facts of such demand, refusal and exception to this court by a bill of exceptions. Not having done so, he cannot be heard to complain now."

Defendant contends, further, that he did not waive his right to a jury trial. A plea of guilty itself constitutes a waiver of a trial by jury. (*People* v. *Carter,* 398 Ill. 336; *People* v. *Braner,* 389 Ill. 190; *People* v. *Corrie,* 387 Ill. 587.) Since defendant waived his right to a jury trial when he pleaded guilty, it is unnecessary for the common-law record to show a waiver.

Defendant, in his abstract, states that, on October 7, 1949, he filed a "petition for 'Cause of Action' under the provisions of Senate Bill 630," (Ill. Rev. Stat. 1949, chap. 38 pars. 826 *et seq.*) in the circuit court of Hancock County, together with a motion for appointment of counsel, and that both were denied. The common-law record contains a certified copy of the order entered on October

17, 1949, as follows: "Verified motion of Petitioner filed. Upon reading verified motion and Exhibits attached thereto, it is ordered by the Court that the same be and is hereby denied." Neither the common-law record nor the abstract contains the petition or motion, defendant has not assigned error upon its denial, and makes no argument in this regard. In short, there is nothing before us requiring consideration of the propriety of the order of October 17, 1949, denying the petition or motion which defendant asserts he filed on October 7, 1949.

The judgment of the circuit court of Hancock County of August 29, 1938, is affirmed.   *Judgment affirmed.*