(No. 31526.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GENE LANNERY, Plaintiff in Error.

*Opinion filed January 18, 1951.*

GENE LANNERY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and MILTON MCCLURE, State's Attorney, of Virginia, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Gene Lannery, was jointly indicted with three other persons on February 25, 1946, in the circuit court of Cass County, for the crimes of burglary, larceny and receiving stolen property. He was arraigned on March 16, after having been furnished with a copy of the indictment, lists of witnesses and jurors, at which time

he entered a plea of guilty to burglary and larceny as charged in the indictment. After being fully admonished by the court as to the consequences of his plea, plaintiff in error persisted therein, after which his plea of guilty was accepted and judgment entered. He then made application for probation which was denied and he was sentenced to the penitentiary for a term of from one year to life.

The errors assigned are: (1) The indictment charging burglary and larceny and receiving stolen property is insufficient to support a conviction of such crimes. (2) Plaintiff in error did not have the advice of counsel. (3) It was error to dismiss plaintiff in error's petition for writ of *habeas corpus.*

Plaintiff in error contends first that he entered his plea of guilty to the charge of receiving stolen property and that it was therefore error to find him guilty of burglary. It appears from the record that his plea was specifically directed to the charge of burglary and larceny and no reference appears in the record of any plea to the charge of receiving stolen property, nor of any general plea of guilty. This case is before us on the common-law record, no report of proceedings having been filed. In such case the record imports verity and cannot be contradicted by statements in the briefs. (*People* v. *Evans,* 397 Ill. 430; *People* v. *Conn,* 391 Ill. 190.) The record discloses clearly a plea of guilty to burglary and larceny and not to any other charge. The contention of plaintiff in error that his plea was directed to the crime of receiving stolen property is in direct contradiction of the plain language of the record and the record must control. (*People* v. *Shoffner,* 400 Ill. 174.) An examination of the record discloses the judgment below was properly entered upon the plea of guilty to burglary and larceny.

It is next contended by plaintiff in error that his plea was entered without benefit of the advice of counsel. The record does not disclose that plaintiff in error desired or

requested the appointment of counsel to represent him. No contention is made that any such request was directed to the court. As we have often held, the right to be represented is a personal right which the accused may waive or claim as he himself elects. The record does not disclose any circumstances necessitating inquiry in the absence of a request by plaintiff in error for such appointment and a statement by him under oath that he was not able to procure or desired such counsel. Ill. Rev. Stat. 1945, chap. 38, par. 730; *People* v. *Clark,* 405 Ill. 483; *People* v. *Hawley,* 399 Ill. 300; *People* v. *Carter,* 398 Ill. 336.

The last contention of plaintiff in error that he appeals from a denial of his petition for writ of *habeas corpus* on March 15, 1950, cannot be considered, for the reason that the record contains nothing concerning any such petition, nor does plaintiff in error point out anything upon which this court could act in that regard.

No errors appearing of record, the judgment of the circuit court is affirmed. *Judgment affirmed.*