358

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM LAWSON, Plaintiff in Error.

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

WILLIAM LAWSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, William Lawson, appearing *pro se* in this court, was convicted in the criminal court of Cook County of the crime of robbery in manner and form as charged in the indictment. The indictment contained two counts; the first of which charged robbery while armed with a certain dangerous weapon, to-wit: a pistol, and the second, robbery, without alleging that the defendant was armed with a dangerous weapon.

A trial by jury was waived and the cause was tried before the court. After a hearing, the court found the plaintiff in error guilty of the crime of robbery in manner and form as charged in the indictment. He was then sen-

tenced to the Illinois State Penitentiary for a term of not less than one year nor more than life. He brings the common-law record by writ of error to this court for review. It is his contention that, under the finding of the court, the sentence could only be for plain robbery and not for robbery while armed. In support of his contention, plaintiff in error cites the case of *People* v. *Seritella,* 387 Ill. 390.

Plaintiff in error does not correctly cite the law as pronounced by this court in that opinion. We said in that case, "It is true that in that part of the judgment where he was sentenced, it also states: 'Pete Seritella is guilty of the said crime of robbery in manner and form as charged in the indictment.' However, where the record, properly before the court, otherwise sufficiently identifies the crime of which the accused was found guilty as robbery while armed, the statutory penalty for such crime will be read into the judgment."

In the case of *People* v. *Giacomino,* 347 Ill. 523, this exact question was passed upon. There, the indictment contained two counts; one of which charged robbery with a pistol and the other robbery without alleging the defendants were armed with any dangerous weapon. After overruling a motion for a new trial, the defendants were adjudged "guilty of said crime of robbery in manner and form as charged in the indictment." Defendant was sentenced to the penitentiary for an indeterminate term of years, not less than one or for life, and the judgment in that case was sustained by this court.

There is further approval of this rule in *People* v. *Bailey,* 391 Ill. 149, and *People* v. *Sheehan,* 407 Ill. 545.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*